Rogers, by guardian *ad litem*, Appellant, vs. Brown, Respondent.

*October 5—October 25, 1910.*

*Changing finding by jury: Appeal: Negligence: Automobiles.*

1. A decision of the trial court changing a jury's finding upon a question of negligence is entitled to great weight and should not be disturbed on appeal unless clearly erroneous.
2. In an action for injuries sustained by a boy in a collision with an automobile which defendant was driving not faster than six miles per hour, the evidence—consisting of the testimony of

several eye-witnesses and the physical fact of a dent in the side of the fender—that the boy while playing with others and looking backward ran into the side of the machine, is *held* so strong and convincing, as against the boy's own testimony that he had stopped and was standing in the street looking backward when he was struck, that this court should not disturb the decision of the trial court setting aside a finding of the jury that defendant was negligent.

APPEAL from a judgment of the circuit court for Jefferson county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

This is an action brought by the plaintiff, *Floyd Rogers*, an infant, by his guardian, to recover damages for injuries sustained by reason of the alleged negligence of the defendant in running and operating an automobile in the city of Fort Atkinson about the hour of 7:45 on the evening of June 27, 1909.

By its answers to five questions submitted on a special verdict the jury found (1) that plaintiff was injured by coming in contact with an automobile driven by the defendant at the above time and place; (2) that defendant was guilty of want of ordinary care in the driving and management of said automobile; (3) that such want of ordinary care on the part of the defendant was the proximate cause of the injury to plaintiff; (4) that plaintiff was not guilty of any want of ordinary care which contributed to produce the injury; and (5) that plaintiff was entitled to compensatory damages in the sum of $2,500.

Thereafter, upon motion of the defendant, the court changed the answers to the second and fourth questions of the special verdict, struck out the answer to the third question, denied the motion of plaintiff for judgment upon the special verdict as rendered, and ordered that defendant have judgment upon such verdict as amended. From a judgment dismissing the action plaintiff appeals.

For the appellant there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans.*

For the respondent there was a brief by *Webb & Tratt,*

attorneys, and *R. B. Kirkland,* of counsel, and oral argument by *Mr. Paul H. Tratt* and *Mr. Kirkland.*

Barnes, J.    Two questions are involved on this appeal: (1) Did the court err in setting aside the finding of the jury holding that defendant was guilty of negligence.    (2) Did the court err in setting aside the finding of the jury acquitting the plaintiff of contributory negligence and in deciding as a matter of law that plaintiff was negligent?    The conclusion reached on the first question obviates the necessity of considering the second.

The defendant was proceeding south on Main street, one of the principal business streets of Fort Atkinson, at a speed not exceeding six miles per hour, running his machine about ten or twelve feet distant from the sidewalk on the west side of the street.    Main street is intersected by South Water street, which runs east and west.    There was a water trough on the north side of South Water street about fifteen feet west of the west line of Main street.    The plaintiff and some other boys were playing around the trough on the evening of the accident and were throwing water on each other.    Kenneth Rankin, one of the boys present, dared the plaintiff to throw water on him.    The challenge was accepted, and immediately after throwing the water. the plaintiff started to run, crossing diagonally in a southeasterly direction over a portion of South Water street and proceeding into Main street.    The Rankin boy ran after plaintiff, but discontinued his pursuit at about the west line of Main street.    The plaintiff collided with the automobile close to the crosswalk on the south side of West Water street and about ten or twelve feet east of the east line of the west sidewalk on Main street.

Five eye-witnesses testified in behalf of the defendant, all of whom said that the boy ran into the side of the machine while he was looking backward over his right shoulder. There was a dent in the fender over the right front wheel of

the automobile, near where the same is bolted to the running board, which the defendant testified was not there before the collision occurred. The defendant and one other witness. testified that this dent was at or very close to the place where plaintiff struck the machine. The other three witnesses did not specify the precise part of the side of the machine which plaintiff struck. The defendant further testified that when he saw the boy the latter was running and was only about three feet from the machine, and that the collision occurred almost instantly thereafter and before he could in any way avoid it.

Three witnesses testified on behalf of the plaintiff, aside from himself, who said that they saw him run out into Main. street and stop and look back over his right shoulder. None of these witnesses saw the collision, and it was the opinion of the trial court that this testimony in no way negatived or put in issue the evidence of the witnesses for the defendant to the effect that at the time of the collision the boy was in fact running. The plaintiff testified that he did not look back until after he came to a full stop, and that it was while he was standing looking backward he was hit. Whether or not the boy was standing in the street sufficiently long so that the defendant in the exercise of ordinary care could have seen him in time to have avoided the accident was a material inquiry in ascertaining whether or not the defendant was negligent. If such was not the case, then there was no evidence even tending to show negligence on his part.

Can this court say that the trial court erred in holding the defendant blameless? The witnesses, aside from the plaintiff, were disinterested bystanders. Every eye-witness to the transaction said that the boy ran into the machine. Aside from this evidence there is the physical fact of the dent in the fender on the side of the machine. No witness contradicts the testimony that the boy came in contact with the side of the machine, except as it is inferentially disputed by the

evidence of the boy to the effect that he was standing at the time he was struck.    The trial court had the benefit of seeing and observing the witnesses, which this court has not, and, while we are by no means concluded by the decision of the trial judge on such a question, it is entitled to great weight. As is said in the following cases, such a decision must be affirmed "unless it clearly appears that it was erroneous." *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 38, 73 N. W. 573; *Lind v. Uniform S. & P. Co.* 140 Wis. 183, 188, 120 N. W. 839; *Bohn v. Racine,* 119 Wis. 341, 343, 96 N. W. 813; *Nicoud v. Wagner,* 106 Wis. 67, 72, 81 N. W. 999; *Collins v. Janesville,* 117 Wis. 415, 423, 94 N. W. 309; *Pumorlo v. Merrill,* 125 Wis. 102, 103 N. W. 464; *McCune v. Badger,* 126 Wis. 186, 189, 105 N. W. 667.

It will be seen that the evidence in behalf of defendant as to how plaintiff received his injury was strong and convincing.    That given on the part of the plaintiff was very slight, meeting by inference only the claim that plaintiff collided with the side of the machine.    An examination of the evidence of the plaintiff leaves the impression that he had no clear conception of how the accident did happen.    In view of the state of the evidence and of the physical fact established in the case and of the rule of law referred to, we conclude that this court should not disturb the decision of the trial judge on the question of defendant's negligence.

*By the Court.*—Judgment affirmed.