AUSTER (Kathryn), Plaintiff and Appellant, vs. ZASPEL, by Guardian *ad litem,* and others, Defendants: AUSTER (Walter), Defendant and Respondent.*

*June 1—June 28, 1955.*

* Motion for rehearing denied, with $25 costs, on September 13, 1955.

For the appellant there was a brief by *Morrissy, Morrissy & Zastrow* of Elkhorn, and *Leo E. Vaudreuil* of Kenosha, and oral argument by *Mr. Vaudreuil*.

For the respondent there was a brief by *Kenney, Korf & Pfeil* of Elkhorn, and oral argument by *Richard Pfeil*.

BROWN, J. If there is any credible evidence which, under any reasonable view, fairly admits of an inference that supports the jury's finding, neither the trial court nor an appellate court has any authority to change the jury's answers or findings. *Millard v. North River Ins. Co.* (1930), 201 Wis. 69, 228 N. W. 746; *Trautmann v. Charles Schefft & Sons Co.* (1930), 201 Wis. 113, 228 N. W. 741. The jury's verdict should not be disturbed where there is credible evidence to support it. *Sovich v. Loewn* (1929), 198 Wis. 89, 223 N. W. 429. The parties agree that "The only issue involved on this appeal is whether or not there was credible evidence to authorize the jury to find that the defendant Walter Auster was negligent as to control. Answered by the court—No."

The following facts are not only supported by testimony that the jury had a right to believe but are practically undisputed.

Plaintiff was a guest in an automobile driven by her husband, defendant Walter Auster. As Auster drove east in rolling country at a speed of 40 to 50 miles per hour he and his wife saw a westbound automobile coming over a hill on the road ahead of them and then distant approximately 2,200 feet. They observed this car was zigzagging from side to side and twice came over into Auster's proper lane of travel. Auster remarked to his wife that the driver of the other car must be very drunk. Mrs. Auster told him that he had better slow down and take it easy. This other car came down the hill and disappeared into the valley which lay between the hill just mentioned and the high ground where Auster was. Disregarding Mrs. Auster's warning, Auster proceeded at his former speed. The top of the westbound car reached a position where it could have been seen by Auster when it was 519 feet from him and it was wholly visible when the cars were 250 feet apart. At these times the westbound car was in its proper lane and traveling about 40 miles per hour.

When it was 100 feet distant from Auster it turned suddenly into Auster's path. He then put on his brakes but the cars collided on Auster's side of the road and Mrs. Auster was injured. It then developed that the westbound automobile was not operated by a drunken driver, as Auster had thought, but by a fourteen-year-old girl, Sharon Laughlin. She had driven automobiles only once or twice before and had never driven this one. She had taken the car without the consent of the owner. She was accompanied by Betty Jo Zaspel, fifteen years old, equally inexperienced, and just before the collision Betty Jo said it was her turn to drive and attempted to take the steering wheel. Betty Jo disputed this testimony but the jury found against her.

The trial court considered that Auster was confronted with an emergency and the law as stated in *Havens v. Havens* (1954), 266 Wis. 282, 63 N. W. (2d) 86, absolves him from negligence in his management of his automobile.

We are unable to agree with the learned trial court. In the *Havens Case, supra,* Mr. Havens first saw the other automobile on the wrong side of the road when it was from 250 to 500 feet away, coming toward him at a speed of 60 miles per hour, while Havens was driving 40 to 50 miles per hour. Havens was closely followed by another automobile, which made sudden stopping dangerous. He blew his horn, applied his brakes lightly and, at the last moment, turned to his left. We think the emergency doctrine was properly applied in that case but the present situation is quite different.

"It is the well-settled law of this state that an automobile driver who, by the negligence of another, and not by his own negligence, is suddenly confronted by an emergency and is compelled to act instantly to avoid a collision or injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice." *Klas v. Fenske* (1946), 248 Wis. 534, 546, 22 N. W. (2d) 596.

The trial court evidently considered that the situation to be weighed by the jury is that which was presented to Auster when the Laughlin car turned from its own lane into his when only 100 feet away. But the jury might properly take into consideration that when Laughlin's automobile was more than a third of a mile away Auster saw it acting so erratically that he thought its driver was drunk. It is not material that this behavior was due to another cause; Auster was put on notice that the automobile was driven by someone unable to control it properly. Then, disregarding his wife's caution, he drove on without any precautions toward what he thought was a drunken driver (and, so far as risk is concerned, might as well have been) whom he could not see until the opposing car was almost upon him. The jury might well believe that after notice of risk he negligently placed himself and his wife in a position of danger. We consider that the evidence presented a jury question as to whether Auster's conduct in so driving was that of a person of ordinary prudence. If it was not, the emergency was partly of his creation and he cannot claim the benefit of the emergency rule. *Sandley v. Pilsner* (1955), 269 Wis. 90, 68 N. W. (2d) 808.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment upon the verdict as returned by the jury.