LE MAY (Dale G.), Plaintiff and Respondent, vs. MARKS, by Guardian *ad litem* and another, Defendants and Respondents: LE MAY (Patricia) and another, Interpleaded Defendants and Appellants. [Case No. 11.]

LE MAY (Patricia), Plaintiff and Respondent, vs. MARKS, by Guardian *ad litem,* and another, Defendants and Appellants. [Case No. 12.]

*September 10—October 8, 1957.*

488

Case No. 11:

For the appellants there was a brief by *Chadek, Cornelisen, Denissen, Farrell & Kranzush* of Green Bay, and oral argument by *Richard J. Farrell*.

For the respondent Dale G. Le May there was a brief by *Cohen & Parins* of Green Bay, and oral argument by *Robert J. Parins*.

For the respondents Marks and Rural Mutual Casualty Insurance Company there was a brief by *Evrard, Evrard, Duffy, Holman & Faulds* and *Arthur Kaftan,* all of Green Bay.

Case No. 12:

For the appellants there was a brief by *Evrard, Evrard, Duffy, Holman & Faulds* of Green Bay, and oral argument by *John P. Duffy*.

For the respondent there was a brief by *Reynolds, Bittner & Reynolds* of Green Bay, and oral argument by *Robert L. Bittner*.

FAIRCHILD, J. Patricia Le May and Maryland Casualty assert as a matter of law that Patricia was faced by an emergency not brought about by any negligence on her part; that she exercised the choice that a person of ordinary prudence might make and therefore was not negligent. If true, it would follow that in Patricia's case she would be entitled to judgment for the full amount of damages awarded by the jury and that in Dale's case, Patricia and Maryland Casualty would be relieved from liability to Dale and for contribution. The portions of Dale Le May's damages which represented damage to his car and medical expenses for treatment of Patricia were reduced in accordance with the finding of negligence on her part. Dale has not, however, sought review of the judgment in this regard.

Patricia was found by the jury not to have been negligent as to lookout and there is no evidence of negligence as to speed. She reduced her speed as Marks approached and she blew her horn. She could probably have applied her brakes and swerved toward the west shoulder, but she was entitled to the assumption that Marks would return to his own side. *Havens v. Havens* (1954), 266 Wis. 282, 288, 63 N. W. (2d) 86. There were no facts to warn her that Marks' car was out of control such as were present in *Auster v. Zaspel* (1955), 270 Wis. 368, 372, 71 N. W. (2d) 417, and *Laughnan v. Aetna Casualty & Surety Co.* (1957), ante, pp. 113, 120, 83 N. W. (2d) 747, nor was there the interval of space and time within which those cases held there could be negligence in proceeding toward danger. We consider that once the jury had eliminated the possibility that Patricia was negligent as to lookout, and had determined that Marks was on the wrong side of the highway, the *Havens Case* became applicable, and under its doctrine Patricia was not negligent as to management and control.

Dale Le May asserts that the jury's award of $6,000 for permanent injury to his left leg was sustained by the evidence.

Reviewing the evidence in the light most favorable to him, his permanent injury consists of several scars on his thigh which were not described except as to size and location, the presence of a screw fastening a small fragment of bone to the main portion, and limitation of motion at the hip of 10 per cent. Limitation at the knee and weakness in the leg as compared to the right were both expected to improve. It was conceded that such limitation as there was had no adverse effect on his ability to perform his work. The court, as well as the jury, heard the evidence and observed him. The court concluded that the award of $6,000 was not supported by the evidence and that $4,000 was the largest amount a fair and impartial jury, properly instructed, would probably award for the permanent injury. Upon our review of the record, we cannot say that the circuit court was wrong.

Question 9 of the special verdict inquired whether Patricia was negligent with respect to operating her automobile on the east half of the roadway. The jury was instructed to answer that question only if it found in answering question 1 that Marks was not negligent with respect to operating his automobile on the west half of the roadway. Applying the emergency doctrine, as we do, once the jury found that Patricia was not negligent as to lookout and found that Marks was on the wrong side of the highway, an affirmative answer to question 9 could not have stood, if made.

Because of our conclusion that there can be no judgment against Patricia and Maryland Casualty, it is unnecessary to consider whether the court should have given them the benefit of the reduction in Dale's damages.

*By the Court.*—In the action in which Dale Le May is plaintiff, the judgment in favor of plaintiff and against Marks and Rural Mutual is affirmed; the judgment in so far as it is against Patricia Le May and Maryland Casualty Company is reversed, and the cause remanded with instructions to dismiss the complaint and cross complaint in so far as they

assert causes of action against Patricia Le May and Maryland Casualty Company. In the action in which Patricia Le May is plaintiff, the judgment is reversed, and the cause remanded with instructions to grant judgment in her favor for the full amount of her damages as found by the jury, together with costs.