WINTERSBERGER, Respondent, v. PIONEER IRON & METAL COMPANY and another, Appellants.*

*December 3, 1958—January 2, 1959.*

* Motion for rehearing denied, with $25 costs, on March 3, 1959.

For the appellants there was a brief by *Kivett & Kasdorf,* attorneys, and *Alan M. Clack* of counsel, all of Milwaukee, and oral argument by *Mr. Clack.*

For the respondent there was a brief by *Anderson & Murphy* of Milwaukee, and oral argument by *J. Stewart Murphy.*

HALLOWS, J.    The appellant's first contention is that a lack of evidence in support of a jury's answer does not constitute a basis for changing the answer by the court and urges the correct rule is stated in *Blohowak v. Grochoski* (1903), 119 Wis. 189, 96 N. W. 551, to the effect that to change the jury's answer in the verdict the finding must be contrary to the undisputed credible evidence.  This form of

stating the rule has never been repeated by this court since the *Blohowak Case*.

The correct test of the sufficiency of evidence necessary to sustain a jury's answer is whether there is any credible evidence which supports the jury's answer. *Home Savings Bank v. Gertenbach* (1955), 270 Wis. 386, 71 N. W. (2d) 347, and cases cited therein. If there is no credible evidence to sustain a jury's finding or answer the trial judge may, and he should, change it. *Maltby v. Thiel* (1937), 224 Wis. 648, 272 N. W. 848. In *LaMotte v. Retail Hardware Mut. Fire Ins. Co.* (1930), 203 Wis. 41, 233 N. W. 566, this court sustained the trial court for changing an answer in a special verdict where there was no evidence in the record to justify the jury's answer.

Where the evidence established as a matter of law that the negligence of the defendant was a cause of a collision the trial court can properly change the jury's negative answer to the affirmative. *Mayr v. Milwaukee & S. T. Corp.* (1957), 274 Wis. 616, 80 N. W. (2d) 761. The trial court concluded in its written opinion that the negligence of the truck driver in making his turn in violation of former sec. 85.17 (1), Stats., was a substantial factor in causing the accident. This was tantamount to stating the evidence as a matter of law established causation. It is immaterial what ground is assigned by the trial court for its ruling if it is in fact correct. *Haswell v. Reuter* (1920), 171 Wis. 228, 177 N. W. 8.

The appellant contends there were many inferences available to the jury under the evidence which would support the answer that the negligence of the truck driver in making the turn was not the cause of the accident. From a review of the testimony we do not find any credible evidence which under any reasonable view would allow the jury to infer the negligence of the driver of the truck-trailer in making the right turn from the left lane was not a cause of the collision with the plaintiff.

We are not convinced that there was credible evidence from which the jury could reasonably infer that it was the sudden realization on the part of the plaintiff that the truck, going in his direction, was stopped for a traffic signal which caused the plaintiff to apply his brakes so hard as to go out of control. In view of the testimony of the truck driver and the plaintiff, the traffic light was green and the truck and bicycle were not stopped. Likewise there is no credible evidence from which the jury could have reasonably inferred that the plaintiff was aware of the contemplated right turn and ran into the curb in trying to beat that turn.

If reasonable minds would come to only one conclusion that a collision would not have occurred if it had not been brought about by certain acts of negligence the question is one solely of law. Prosser, Law of Torts (2d ed.), p. 281, sec. 50. If the actor's negligent conduct is a substantial factor in bringing about the harm it is a legal cause of that harm. Restatement, 2 Torts, p. 1159, sec. 431. We conclude that the trial court was correct in its opinion when it stated it was satisfied the negligence of the truck driver in making his turn in violation of former sec. 85.17 (1), Stats., see 14 W. S. A., p. 265, was a substantial factor in causing the accident. Had the defendant approached the intersection in the lane required by the law which existed at the time of the accident, the accident could not have happened, or if the defendant had not made a short right turn from the left lane, even at five miles an hour after swerving to the left and being at that time eight to 10 feet past the crosswalk into the intersection, completely blocking the right-hand traffic lane in approximately one second, the accident would not have happened.

The appellant contends the situation is similar to the fact situation in *Swinkels v. Wisconsin Michigan Power Co.* (1936), 221 Wis. 280, 267 N. W. 1, where the defendant's bus was being operated on the wrong side of the highway

and the overtaking plaintiff attempted to pass in the remaining space. The court said the position of the bus on the highway could cause no injury to the plaintiff in the absence of his entering into the dangerous zone alongside of it. Here the plaintiff did not enter a dangerous zone. The defendant cut across his lane of travel, creating the dangerous zone he was in or practically in. The plaintiff did not have any choice as existed in the *Swinkels Case* except to stop, which he tried to do.

The appellant also argues since the right turn was made at five miles per hour, rather than more rapidly, it was therefore not contrary to the purpose of former sec. 85.17 (1), Stats., see 14 W. S. A., p. 265, and cites in support of his contention *Reichert v. Rex Accessories Co.* (1938), 228 Wis. 425, 279 N. W. 645, and *Ramsay v. Biemert* (1935), 216 Wis. 631, 258 N. W. 355. In these cases the court said the purpose was to protect those traveling in the right lane from sudden turns to the right by those traveling in the left lane. This does not mean one cannot be negligent in making a short turn, whether fast or slow, from the left lane across the right lane. A sudden turn can be made if made sharply at five miles an hour and in the manner it was done here.

Former sec. 85.17 (1), Stats., is a safety statute and its breach is negligence. *Paulson v. Hardware Mut. Casualty Co.* (1957), 2 Wis. (2d) 94, 100, 85 N. W. (2d) 848. In that case this court said:

"Question 1 (b) of the special verdict inquiring if Piper was negligent in his manner of making a left turn should have been answered 'Yes' by the court, either before submitting the verdict to the jury or upon motions after verdict."

Former sec. 85.17 (1), Stats., see 14 W. S. A., p. 265, requires that an operator of a vehicle intending to turn to the right at an intersection shall approach the point of turning in the traffic lane nearest the right-hand edge or curb of the

highway. Former sec. 85.175 (1), see 14 W. S. A., p..278, provides:

"No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in sec. 85.17, . . ."

The truck unit was approximately 35 feet long and could not make the turn from the lane nearest the curb.

The appellant argues the law should not impose an unworkable provision. Perhaps there should be relief from such situations in view of the great number of large trucks and semitrailers which have difficulty in making turns at ordinary intersections.

The Motor Vehicle Code, sec. 346.31 (2), Stats. 1957, see 40 W. S. A., p. 402, now eliminates the necessity of approaching an intersection in the right lane for a right turn in some cases and provides that in making right turns:

"Both the approach for a right turn and the right turn shall be made as closely as practicable to the right-hand edge or curb of the roadway. If, because of the size of the vehicle or the nature of the intersecting roadway, the turn cannot be made from the traffic lane next to the right-hand edge of the roadway, the turn shall be made with due regard for all other traffic."

Although the committee notes to this section state the first sentence thereof is a restatement of former sec. 85.17 (1), Stats., this section in part changes the rule of sec. 85.17 (1). See 40 W. S. A., p. 403. It was not in effect at the time of this accident and cannot be applied thereto.

The trial court was not in error in ordering a new trial on the ground that the answers in the verdict affect the comparison of the negligence. *Paulson Case, supra.*

Whether a new trial should be limited to certain issues or include all issues rests in the sound discretion of the trial court. The trial court was not foreclosed, as contended by

the appellant, from ordering a new trial on all issues because it recognized the issues of negligence and damages were separable and the damages assessed by the jury were not so low as to indicate passion or prejudice. A new trial may be limited to certain issues. The power of the trial and appellate court to limit the issues on retrial is undisputed. In *Leonard v. Employers Mut. Liability Ins. Co.* (1953), 265 Wis. 464, 62 N. W. (2d) 10, this court held that a new trial can be limited to certain issues when manifest justice demands it and it is clear that such retrial can be had without confusion, inconvenience, or prejudice to the rights of any party. This rule was followed in *Olson v. Milwaukee Automobile Ins. Co.* (1954), 266 Wis. 106, 62 N. W. (2d) 549, 63 N. W. (2d) 740.

There is no evidence or reason called to our attention by the appellant that would make it unjust to require the appellant to relitigate the question of damages or why manifest justice demands the limitation of the issues. The appellant put in no proof on the question of damages and no hardship is shown. The fact that the damages were not so low as to evidence prejudice and passion does not necessarily preclude a trial court from including the damage question in the retrial when the negligence issues must be retried because of error by the jury. The trial court having included the issue of damages in the new trial in the interest of justice, such decision ought not to be reversed by this court unless the trial court has erred as a matter of law or has abused its discretion. We find no such error or abuse of discretion.

*By the Court.*—Order appealed from is affirmed.