BECKER, Appellant, v. CITY OF LA CROSSE, Respondent.*

*April 6—May 2, 1961.*

---

* Motion for rehearing denied, without costs, on June 27, 1961.

For the appellant there were briefs by *Hale, Skemp, Hanson, Schnurrer & Skemp* of La Crosse, and oral argument by *Quincy H. Hale*.

For the respondent there was a brief by *John K. Flanagan*, city attorney, and *William J. Sauer*, assistant city attorney, and oral argument by *Mr. Sauer*.

HALLOWS, J.   The first contention of plaintiff is the court erred in not changing the answers to questions 3 and 4 from "No" to "Yes," thereby finding the city had actual and constructive notice of the insufficiency and want of repair of the crosswalk. The testimony on this issue was conflicting and for the jury to determine. The city produced testimony to the effect that it had repaired a hole in the pavement about one foot south of the crosswalk two days before the accident and the defect in the crosswalk developed after the repair because of the crumbling away and the deterioration of the asphalt coating over the old brick pavement. A witness for the plaintiff testified she fell at the same place in the crosswalk in the fall of 1957 or the spring of 1958 and the hole or defect existed then.   There is no evidence of any actual

notice by any city official responsible for street repair excepting the inference that might be drawn from the testimony of plaintiff's witness and from the affidavits submitted on summary judgment. Whether such a defect could develop in the city street within two days depended upon the credibility of the city's witnesses. The jury chose to believe these witnesses rather than the plaintiff's. The jury's answers are sustained by sufficient credible evidence.

The second question is whether the court erred in not granting a new trial because counsel for the city failed to call as witnesses two policemen whose testimony the plaintiff claims was favorable to her case. An affidavit of the two policemen stated, in part, that they were interviewed by the attorney for the city, and had told him "in substance that there was no evidence present at the night of the injury to Mary Becker that would establish that the defect had been recently repaired and no evidence of any materials present to show such recent repair or recent disrepair." The affidavit is insufficient. Nor is there any showing the plaintiff relied on such witnesses' being called, or interviewed these witnesses before trial or was prevented from obtaining such evidence. The failure to call such witnesses was not a suppression of evidence.

The appellant also assigns surprise as a basis for granting a new trial. On summary judgment, the city took the position the defect was partly in the crosswalk and partly to the south of the crosswalk in the pavement of the street, that it had repaired this defect on July 9, 1958, two days before the accident, and that heavy traffic had gouged out the repairs during the two-day interval. The plaintiff had submitted an affidavit of a road-construction contractor who specialized in the use of asphalt for road surfacing and was familiar with the use of asphalt in road construction and repair. His affidavit stated if a proper mixture of asphalt was properly used in the repair of a hole in the city street where heavy traffic existed, the repair could not be destroyed and the hole

re-created within three or four days after the repair had been made. Plaintiff put this witness on out of order for the convenience of the witness, who was leaving town. As the trial developed, the city changed its position and submitted evidence the hole it had repaired on July 9th was not in the crosswalk but south thereof with its northerly edge about one foot from the crosswalk. The city maintained the pavement north of this repair, not the repair itself, deteriorated from the edge of the repair into the crosswalk, and thus created the new defect. In preparing for trial, the plaintiff relied on the position taken by the city on summary judgment and on the supporting affidavits of the city's witnesses.

There is no doubt the plaintiff was surprised when the city changed its defense. However, not every surprise of counsel in a lawsuit is a ground for new trial. True, the record presents a situation of witnesses contradicting their previous affidavits. But does the plaintiff have a right to rely on sworn affidavits as a basis for surprise? In essence, the plaintiff's argument is a new trial should be granted in the interest of justice because she was misled. Surprise as such is not a ground for a new trial under sec. 270.49, Stats. The plaintiff relies on *Schlag v. Chicago, M. & St. P. R. Co.* (1913), 152 Wis. 165, 139 N. W. 756. In the *Schlag Case,* we held there was no abuse of discretion for the trial court to grant a new trial in the interest of justice upon the ground witnesses for the defendant had directly contradicted their testimony taken a short time before by the plaintiff as adverse witnesses. Here, the reliance is on affidavits not in the language of the witnesses but in the form prepared by counsel. After the denial of summary judgment, plaintiff had ample opportunity to adversely examine the employees of the city. Not having done so, plaintiff took her chance on her counsel's preparation for trial and what might unexpectedly develop. Plaintiff should not have relied on the affidavits and should have conducted an adverse examination of the

witnesses in the preparation of the case for trial. We find no abuse of discretion in the trial court's having refused a new trial on this ground. Incidently, we point out this case as an example of why summary judgment ought not and cannot be a trial on affidavits.

After the trial, the plaintiff discovered a former employee of the city living in Chicago and submitted his affidavit in support of a new trial. The affidavit was to the effect the affiant helped to repair the defect in the street and such repair was made after a woman was hurt, that at that time the defect existed both within and without the crosswalk and only one repair of such depression was made. This evidence, giving it all the force and vitality claimed by the plaintiff, does not meet the test of newly discovered evidence on which a new trial can be granted. There is no showing there was any search for such evidence before the trial and the plaintiff was not negligent in seeking to discover such evidence sooner. *Graff v. Roop* (1959), 7 Wis. (2d) 603, 97 N. W. (2d) 393; *Estate of Teasdale* (1953), 264 Wis. 1, 58 N. W. (2d) 404; *Estate of Eannelli* (1955), 269 Wis. 192, 68 N. W. (2d) 791. Likewise, we find no error in the court's admitting the testimony of the director of public works who had twenty years of experience in observing the characteristics of the "carpet coating" asphalt over the brick streets of the city of La Crosse. He had sufficient knowledge and background to testify in his opinion it was physically possible for the asphalt topping to break away from the bricks in the street within a period of two days' time.

The last question raised is whether the court committed error in its instructions to the jury. Shortly after the jury retired, the trial court recalled it and gave additional instructions on actual and constructive notice which had been overlooked in giving the original charge. Three of the five paragraphs in the instructions were requested by the plaintiff and two by the defendant. The instructions now com-

plained about are the two suggested by the defendant. After instructing generally on the nature of actual and constructive notice, the court, by way more or less of illustration, told the jury that if a sidewalk was in a defective or dangerous condition for several weeks or months before the accident and continued so up to the time of the accident, no actual notice was necessary and the city was presumed to have knowledge of the defective condition, but if the sidewalk suddenly became in want of repair by reason of some action of the elements or of the traffic and the city did not have knowledge thereof or sufficient time to acquire knowledge and to repair it, the city was not liable.

On motions after verdict, the plaintiff objected to the part of the instruction referring to the sidewalk's becoming suddenly insufficient. On appeal, the appellant enlarged her claim and objected also to the part of the instruction referring to the duration of a defect in a sidewalk for several weeks or months. We cannot approve the submission of these objected parts of the instructions in this case although they were taken from *Lindgren v. La Crosse County* (1939), 231 Wis. 347, 285 N. W. 772, and *Johnson v. Milwaukee* (1879), 46 Wis. 568, 1 N. W. 187, because they were not necessarily applicable to the issues presented. However, when the objected portions are read in connection with the entire instructions, we do not believe they were prejudicial or misled the jury. The question of notice depended upon the length of time the defect existed and the court correctly instructed that to constitute constructive notice, the length of time depended to some extent upon the location of the defective condition, the opportunity of the city officials to discover such defect, and whether there had been a sufficient length of time in which the city ought to have discovered the defective condition and to have repaired it.

The instruction was not unduly emphasized because the court was required to recall the jury. The court stated it was

an oversight that the complete instruction was not given originally. Neither can we draw an inference from the fact that after the jury was out approximately two hours, it asked to be reinstructed on the question and then deliberated for almost four hours. It would be speculation on our part to draw any inference from these facts. Since the objected parts of the instructions were correct statements of law but inappropriate and unnecessary, we do not find they were prejudicial although incorrect instructions might well be.

*By the Court.*—Judgment affirmed.

BROADFOOT and FAIRCHILD, JJ., dissent.