DEWING, Appellant, v. COOPER, Executrix, and others, Respondents.

*November 29, 1966—January 3, 1967.*

262

For the appellant there was a brief by *Brendel & Hughes* of Milwaukee, and oral argument by *John K. Brendel* and *David J. Hughes*.

For the respondents there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Norman C. Skogstad* and *Thomas N. Klug* of counsel, all of Milwaukee, and oral argument by *Mr. Klug*.

HANLEY, J. The following issues are presented:

1. Is there any credible evidence which under any reasonable view fairly admits an inference to support the jury's verdict that the accident resulted from a nonnegligent cause?

2. Did the trial court err in allowing Doctor Van Hecke to testify from his own knowledge as to the time of death?

3. Did the trial court err in allowing in evidence the county medical examiner's report?

A jury verdict will not be set aside on appeal if there is any credible evidence which under any reasonable view admits an inference supporting it. *Burlison v. Janssen* (1966), 30 Wis. (2d) 495, 141 N. W. (2d) 274.

The defendants concede that the rule of *res ipsa loquitur* is properly invoked by the plaintiff under the facts surrounding the accident on the issue of Mr. Horwitt's negligence. The mere fact that the collision occurred with the Horwitt vehicle leaving the travelled portion of the roadway and striking the parked vehicle raises an inference of negligence. *Bunkfeldt v. Country Mut. Ins. Co.* (1965), 29 Wis. (2d) 179, 138 N. W. (2d) 271.

The obligation upon the defendant, once the inference arises, is stated in *Voigt v. Voigt* (1964), 22 Wis. (2d) 573, 584, 126 N. W. (2d) 543, as follows:

"However, once having introduced evidence that the defendant driver crossed into the wrong lane, the defendant driver has the burden of going forward with evidence to prove that such invasion was nonnegligent."

Proof of a heart attack suffered by the defendant has been held a nonnegligent cause. See *Voigt, supra,* page 584; *Theisen v. Milwaukee Automobile Mut. Ins. Co.* (1962), 18 Wis. (2d) 91, 99, 118 N. W. (2d) 140. The defense of a nonnegligent cause in the form of a heart attack was directly raised in *Wood v. Indemnity Ins. Co.* (1956), 273 Wis. 93, 76 N. W. (2d) 610. In that case as in the present case the vehicle involved simply angled off the roadway to the right in a gradual manner without any sudden swerving. Many other facts were similar to those in the present case. There was no direct evidence of a negligent cause of the deviation and collision. The court held that the plaintiff had met his burden of proof by means of the doctrine of *res ipsa loquitur* in that an inference of negligence was raised, and the defendant had the burden of coming forward with evidence of nonactionable cause. In the *Wood Case, supra,* the court

concluded that a nonnegligent cause of the accident had not been established to overcome the inference of negligence. The reason for the court's ruling, as stated at page 99, is that:

". . . there was a complete absence of any medical testimony that Mr. Wood had undergone a heart attack. . . . "

In comparing the facts in the *Wood Case, supra,* with those in a case in which a nonnegligent cause was sufficiently established to exonerate the defendant of negligence, the court stated at page 101:

"In order for the facts in the instant case to have paralleled those in *Baars v. Benda,*[1] it would be necessary for the defendant to have produced conclusive testimony that Mr. Wood had sustained a heart attack at the time of the accident. If such conclusive testimony had been produced it would not have been essential for the defendant to establish that the heart attack occurred before the jeep left the highway in order to render inapplicable the rule of *res ipsa loquitur.* Certainly the evidence produced at the instant trial falls far short of establishing as a certainty that Mr. Wood did sustain a heart attack at any time."

In the present case all of the medical witnesses agreed that Morton Horwitt died of a heart attack approximately within six or seven minutes of the accident.

Milton Enright, a witness, driving a vehicle to the rear of the Horwitt automobile, testified that before Horwitt's car began to veer he had noticed no erratic driving on the part of Horwitt, that the car began gradually to veer to the right, that he did not notice any variation of speed whatsoever from the time the car began to veer until the collision. He further testified that the Horwitt car travelled five or six car lengths during that interval, that he went immediately to the

---

[1] *Baars v. Benda* (1946), 249 Wis. 65, 23 N. W. (2d) 477.

Horwitt car and observed Horwitt's difficulty in breathing and also observed a cut on Horwitt's forehead.

Doctor Van Hecke stated he found no evidence of trauma other than the laceration on the forehead. In considering the laceration Doctor Van Hecke concluded to a reasonable degree of medical certainty that death had preceded the suffering of the laceration.

We conclude from the credible evidence in this case that a most reasonable inference may be drawn that Horwitt was under physical disability at or immediately prior to the point where his vehicle commenced to veer as to prevent him from exercising ordinary care in the operation of his automobile.

Counsel for the plaintiff contends that the rule to be gathered from this court's rulings in *Wood v. Indemnity Ins. Co., supra,* and other cited authorities is that in the absence of conclusive proof that the nonactionable cause precipitated the accident, the jury should not be allowed to speculate between possible causes of the accident. We find no fault with counsel's conclusion as to the rule expressed in the authorities referred to. We believe counsel applies the rule erroneously to the factual situation in the instant case. Apparently counsel interprets the rule to mean that the term "conclusive proof" eliminates the application of the reasonable inference rule.

It is fundamental that a jury may give effect to such inferences as reasonably may be drawn from the facts. *Olson v. Milwaukee Automobile Ins. Co.* (1954), 266 Wis. 106, 111, 62 N. W. (2d) 549, 63 N. W. (2d) 740.

In addition to meeting their burden of proof as to non-actionable cause the defendants offered proof to show that Horwitt took reasonable precautions to determine whether he should be driving. Doctor Rice who treated Mr. Horwitt for a heart attack twelve years prior to the accident testified that Horwitt had had electrocardiograms at prescribed intervals as well as X rays to

measure the size of his heart. Doctor Rice placed no limitations on Mr. Horwitt's driving and stated it was all right for Mr. Horwitt to be driving.

The plaintiff's next contention is that the trial court erred in allowing Doctor Van Hecke to give an opinion as to the time of death without requiring that the opinion be in response to a hypothetical question based upon facts present in the record.

The general rule as stated in Anno. 82 A. L. R. 1338 is that when an expert witness has personal knowledge or has had personal observation and his opinion is sought, a hypothetical presentation is unnecessary; and he may be examined as an expert by direct interrogation. See *Shaurette v. Capitol Erecting Co.* (1964), 23 Wis. (2d) 538, 128 N. W. (2d) 34.

Plaintiff contends that the trial court committed error in allowing the defendant's expert witness, Doctor Van Hecke, to give his opinion as to the "one and only ultimate fact" to be determined by the jury.

Doctor Van Hecke's expert testimony as elicited on direct examination referred only to the relationship between death and the laceration. The ultimate fact of "disability" was left to the jury.

Moreover, this court has held that opinions, if based upon proper questions, are not objectionable because they cover one of the ultimate facts to be determined by the jury. See *Kreyer v. Farmers' Co-operative Lumber Co.* (1962), 18 Wis. (2d) 67, 76, 117 N. W. (2d) 646, and *Henthorn v. M. G. C. Corp.* (1957), 1 Wis. (2d) 180, 83 N. W. (2d) 759.

In any event, it was the plaintiff who, upon cross-examination, elicited the testimony from Doctor Van Hecke relating the time of death to the occurrence of the accident. It would hardly seem proper for plaintiff to complain that the testimony which he elicited on cross-examination invades the province of the jury.

We find no merit to plaintiff's contention that the court committed prejudicial error in not requiring Doctor

Van Hecke's testimony to be elicited by means of a hypothetical question.

With respect to plaintiff's contention that the trial court committed prejudicial error in allowing into evidence Exhibit 22, the county medical examiner's report, we conclude that the trial court was correct in concluding that a proper foundation had been laid for the admission of the exhibit, especially in view of the fact that prior to its admission plaintiff waived any objection to the authenticity of the document. The plaintiff fails to show how the admission of this exhibit was prejudicial and that a different result would be reached on a new trial.

*By the Court.*—Judgment affirmed.