LEATHERMAN, Appellant, v. GARZA and others, Respondents. [Two appeals.]

*No. 324. Argued May 9, 1968.—Decided June 7, 1968.*
(Also reported in 159 N. W. 2d 18.)

For the appellant there were briefs by *Stewart & Peyton*, attorneys, and *Harold R. Sheets* of counsel, all of Racine, and oral argument by *John Peyton*.

For the respondents there was a brief by *La France, Thompson, Greenquist, Evans & Dye* and *Alfred E. La France* and *Adrian P. Schoone,* all of Racine, and oral argument by *Mr. Schoone.*

BEILFUSS, J. Three issues are presented for determination:

(1) Was the order granting a new trial defective?

(2) Was the plaintiff negligent as a matter of law?

(3) Is the evidence sufficient to sustain the jury's finding that the defendant Boileau was negligent?

The order granting the new trial (omitting formal parts) is as follows:

"1. That the verdict herein of September 28, 1967, be and the same is hereby set aside;

"2. That a new trial on the issue of apportionment of causal negligence only is hereby granted, the costs of the former trial to abide the outcome of the action because said verdict is contrary to law and unsupported by the evidence presented, and such new trial is required in the interest of justice,

"for the reason that the jury failed to find any negligence on the part of the plaintiff notwithstanding the testimony of the plaintiff himself as corroborated by the testimony of other witnesses that he left a position of safety on the south shoulder of State Trunk Highway 11 and walked northerly to the center of the paved portion of said highway, at a time and place when and which he knew to be a busy public thoroughfare accommodating motor vehicular traffic, thereby rendering the verdict absolving the plaintiff of negligence contrary to all of the evidence, since on the uncontradicted testimony the plaintiff was guilty of contributory negligence as a matter of law, requiring that the answers to Questions No. 5 and No. 6 of the verdict be and they hereby are changed from 'no' to 'yes' and Question No. 7 of said verdict must be re-answered by a jury at the new trial;

"and for that reason a comparison of such causal negligence of the plaintiff with that of the two individual defendants is thus required.

"3. That the damages awarded to the plaintiff by the jury are within the realm of reasonableness and no new trial on the issue of damages is required."

The appellant contends this order for a new trial was defective because it did not sufficiently set forth the reasons for granting the new trial in the interest of justice. Where a trial court orders a new trial in the interest of justice the order must set forth the reasons for so doing in detail or incorporate by reference a memorandum decision that does so. Sec. 270.49 (2), Stats.; *Cary v. Klabunde* (1961), 12 Wis. 2d 267, 107 N. W. 2d 142.[1] However, sec. 270.49 (1), provides new trials may be granted on any of four grounds: "(1) Errors in the trial; (2) verdict contrary to law or evidence; (3) excessive or inadequate damages; and (4) in the interest of justice." *State v. La Fernier* (1967), 37 Wis. 2d 365, 371, 155 N. W. 2d 93.

In the order quoted above, the trial court states three grounds for granting a new trial. The court states the verdict is (1) contrary to law, (2) unsupported by the evidence, and (3) that a new trial is required in the interest of justice. The order continues by explaining why the verdict is contrary to law and unsupported by the evidence, but nowhere does it detail the reasons for finding a new trial is required in the interest of justice. If the order were to stand or fall on the sufficiency of the trial court's detailing the reasons for a new trial in the interest of justice, the order would fall.

The trial court changed the jury's answer herein on the contributory negligence question on its belief that the plaintiff was negligent as a matter of law, not because it was required in the interest of justice. Consequently, the order must be viewed not as granting a new trial in the interest of justice, but as granting a new trial be-

[1] *Also see Moldenhauer v. Faschingbauer* (1964), 25 Wis. 2d 475, 479, 131 N. W. 2d 290, 132 N. W. 2d 576, and cases cited therein.

cause the verdict was contrary to the evidence and contrary to law. As to these items, the appellant's contention that the order is defective is without merit. "In all cases, with the exception of those in which a new trial is granted in the interest of justice, it is sufficient for the order granting a new trial to state the statutory grounds therefor." *State v. La Fernier, supra,* at page 371.

The trial court substituted its answer for that of the jury's on the question of the plaintiff's contributory negligence. This action was a result of its conclusion that the plaintiff was contributorily negligent as a matter of law. In so doing the trial court notes both in its order and in its memorandum opinion that the plaintiff was negligent as a matter of law as "he left a position of safety on the south shoulder of State Trunk Highway 11 and walked northerly to the center of the paved portion of said highway, at a time and place when and which he knew to be a busy public thoroughfare accommodating motor vehicular traffic."

The proper test to be applied in determining whether a jury's answer should be changed is "whether there was *any credible evidence* which supported the jury's answer." *Home Savings Bank v. Gertenbach* (1955), 270 Wis. 386, 392, 71 N. W. 2d 347, 72 N. W. 2d 697; *Wintersberger v. Pioneer Iron & Metal Co.* (1959), 6 Wis. 2d 69, 94 N. W. 2d 136.

"There is credible evidence which, when reasonably viewed, fairly admits an inference supporting the jury's findings. That being true, neither the trial court nor this court has authority to change the jury's findings. *Auster v. Zaspel,* 270 Wis. 368, 71 N. W. (2d) 417." *Paul v. Hodd* (1955), 271 Wis. 278, 280, 73 N. W. 2d 412.

"A trial court is not justified in setting aside a verdict either in whole or in part and directing judgment if there is credible evidence to support the findings. The crucial question is whether the evidentiary facts are practically without dispute, whether these facts reasonably support the jury's conclusion of ultimate fact drawn therefrom.

*DeKeyser v. Milwaukee Automobile Ins. Co.* (1941), 236 Wis. 419, 424, 295 N. W. 755.

"In *Behling v. Wisconsin Bridge & Iron Co.* (1914), 158 Wis. 584, 589, 149 N. W. 484, the rule is stated thus:

" 'While a jury finding against the clear preponderance of the evidence, presents a case for consideration by the trial judge within his discretionary right to grant a new trial, he is not required to do so, nor to change the finding to accord with the greater evidentiary weight. The latter is proper only when the evidence is so convincing as to leave no room, in any reasonable view, for conflicting inferences. In that situation the real truth of the matter appears as matter of law, leaving no legitimate jury question.' " *Thorp v. Landsaw* (1948), 254 Wis. 1, 8, 35 N. W. 2d 307.

While this court has said that it gives great weight to a trial court's decision that a verdict must be changed as a matter of law, *Rogers v. Brown* (1910), 143 Wis. 472, 128 N. W. 64; *Kanass v. Chicago, M. & St. P. Ry.* (1923), 180 Wis. 49, 192 N. W. 383, the action of the trial court will be set aside on appeal if there is credible evidence which supports the verdict. *Delvaux v. Kewaunee, G. B. & W. Ry.* (1918), 167 Wis. 586, 167 N. W. 438.

The crucial evidence of the plaintiff, Leatherman, concerning his actions just prior to the accident is undisputed. All of the other witnesses either did not know or had no recollection of the plaintiff's movements from the time the tractor-trailer arrived until after the collision. The respondents in no manner challenge the credibility of this testimony of Rev. Leatherman; nor is it inherently incredible. There is, therefore, no question as to credibility nor weight to be attached to conflicting testimony. Under these circumstances, whether the plaintiff was negligent as a matter of law depends upon whether conflicting inferences could be drawn and, if so, whether the one adopted by the jury could be arrived at by reasonable men in view of the facts and the law. Stated another way, if the credible evidence is undisputed but permits conflicting inferences, the one adopted by the jury must be accepted. It is only where there is but

one permissible inference that can be drawn from the undisputed credible evidence that a question of fact must be answered as a matter of law.

We have had the benefit of our own careful review of the entire transcript (an aid probably not available to the trial court) and cannot approve the trial court's statement that "he left a position of safety on the south shoulder of State Trunk Highway 11 and walked northerly to the center of the paved portion of said highway, at a time and place when and which he knew to be a busy public thoroughfare accommodating motor vehicular traffic."

Without again setting forth the facts in detail, we repeat: Just seconds before the tractor-trailer arrived, Rev. Leatherman got out of the car for the second time to try to dry out the electrical connections. This was done with the knowledge and approval of Rev. Boileau. Rev. Boileau gave him the spray can. Leatherman then went to the front of the car, opened the hood, and stepped around the south side of the car to apply the spray to the motor. Upon a signal from Rev. Boileau that the car would not start he walked to the front of the car to close the hood and then walked toward Rev. Crider and the tractor-trailer to join the conversation. He had not yet reached them when he heard Rev. Crider's warning and immediately attempted to go to the south shoulder.

If in fact Rev. Leatherman had been on the south shoulder and remained in that position he could not have been in a "position of safety" because of his proximity to the car in attempting to dry the wires.

While the testimony was that Highway 11 is a heavily traveled highway, we must consider the circumstances as they existed at the time in question. From the time they left I-94, down the ramp to Highway 11 to the village of Sturtevant,[2] and the ten minutes the car was

---

[2] The testimony does not reveal the distance from I-94 to Sturtevant but the official Wisconsin State Highway map indicates it is about two miles.

stalled, the only other vehicle that used the highway was the tractor-trailer.

We can conclude that a dangerous situation existed just prior to the collision. The roadway was blocked by the car and the tractor-trailer. The car was stalled. It was snowing and blowing, with the temperature about zero at 3 a. m. Visibility was poor, at least intermittently. A dangerous emergency situation presented itself. This condition was in no way created by Rev. Leatherman. There was potential danger to the four ministers, the tractor driver, other users of the highway, and their property.

Under these circumstances were the plaintiff's actions, or more properly, were they not, the lawful conduct of the ordinary careful prudent man concerned with his own safety and the safety of others? Without question Rev. Leatherman, in spraying the motor and attempting to talk to the tractor driver, was trying to extricate himself and the others from this emergency situation. Did legal prudence require Rev. Leatherman to stand on the shoulder in the snow a safe distance from the car at 3 a. m. with blowing snow and the temperature near zero? We think not.

"As to those particulars, all that need be said is that if the evidence were conflicting or the inferences to be drawn from the evidence were doubtful and uncertain, and if there were any credible evidence under any reasonable view to support the contention of any or either party, the rule that the proper inference to be drawn therefrom is a question for the jury must prevail. It has been declared to be the proper rule that the court should not assume to answer such questions, then, either upon motion for nonsuit or direction of verdict, or by substituting another answer after the verdict is rendered. *Trautmann v. Charles Schefft & Sons Co.* 201 Wis. 113, 228 N. W. 741; *Dachelet v. Home Mut. Casualty Co.* 258 Wis. 413, 46 N. W. (2d) 331; *Anderson v. Stricker,* 266 Wis. 1, 62 N. W. (2d) 396." *Kreft v. Charles* (1954), 268 Wis. 44, 48, 66 N. W. 2d 618.

We conclude a jury issue was presented as to whether Rev. Leatherman was negligent for his own safety. While we believe the jury could have found Rev. Leatherman was causally negligent under the circumstances herein, we are of the opinion that it was a question upon which reasonable minds might differ and that the finding he was not negligent was a permissible inference based upon undisputed credible evidence, and that it was error to change the jury's answers to the questions inquiring as to his causal negligence.

The respondents, Rev. Boileau and State Farm Mutual Automobile Insurance Company, have filed a cross appeal contending respondent Boileau should be held not negligent as a matter of law. The question thus presented is whether there is credible evidence to support the jury's finding that Rev. Boileau was negligent. *Bach v. Liberty Mut. Fire Ins. Co.* (1967), 36 Wis. 2d 72, 152 N. W. 2d 911; *Dewing v. Cooper* (1967), 33 Wis. 2d 260, 265, 147 N. W. 2d 261; *Burlison v. Janssen* (1966), 30 Wis. 2d 495, 141 N. W. 2d 274. It is our conclusion there is credible evidence to support the jury's verdict. Rev. Boileau testified that he turned off the lights of the automobile and that he was not sure whether they were on or off at the time of the collision. He further testified that there may have been a flashlight and a flare in the car but the thought never occurred to him to use them. Everyone concerned testified the snowfall was heavy and that it was difficult to see.

Furthermore, Rev. Boileau should have known from the prior experiences that evening that when the motor stalled it was going to take several minutes to restart. He knew it would at least require getting out, raising the hood, and spraying the electrical connections with the pressurized spray. Yet his own testimony shows he made no attempt to get the car off the traveled portion of the highway when he felt it sputtering and stopping. On the basis of this record, this court cannot say the jury's conclusion that Rev. Boileau was negligent was not

based on credible evidence. Most certainly the defendant, Rev. Boileau, cannot be held free from negligence as a matter of law.

*By the Court.*—Order reversed, and cause remanded with directions to reinstate the verdict, grant plaintiff's motion for judgment on the verdict, and enter judgment pursuant thereto.