**Walter PRIS, Plaintiff,**

**v.**

**Joseph DUTCZAK, Defendant.**

**No. 68-C-77.**

United States District Court,
E. D. Wisconsin.

Jan. 6, 1970.

C. M. Hanratty, Milwaukee, Wis., for plaintiff.

Donald R. Peterson, Wickham, Borgelt, Skogstad & Powell, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff has moved the court for an order setting aside the verdict, and, alternatively, for a new trial in the interests of justice.

At the conclusion of the trial, the jury rendered its verdict and determined that the plaintiff, Walter Pris, was 75% at fault. The jury assessed his damages for pain, suffering and disability at $2000. Mr. Pris sustained injuries when he fell from a ladder which he had climbed to assist Mr. Dutczak in some exterior painting at the Dutczak home, where Mr. Pris was visiting as a guest.

■ In support of his contention that the verdict should be set aside, Mr. Pris urges that the court erred in admitting into evidence two bottles of medicine. Mr. Pris argues that these bottles had

no probative value, pointing out that the reasonableness of his medical bills had been stipulated to before the trial started.

Although the plaintiff objected to the two bottles of medicine being received into evidence, the court overruled such objection and deemed the bottles to be relevant to support the defendant's theory of the case. The defendant urged throughout the trial that Mr. Pris had planned to exaggerate the extent of his injuries at the expense of Mr. Dutczak's insurer. Mr. Dutczak testified that the first thing Mr. Pris asked after he fell from the ladder was whether Mr. Dutczak carried insurance. There was also testimony by the Dutczaks that Mr. Pris had asked them to help him press his claim against the Dutczaks' insurance company.

The two bottles which were received in evidence were full of medicine; the defendant argued to the jury that although Mr. Pris had purchased the medicine, he did not even use the contents. It is my opinion that this physical evidence was properly received into evidence.

The plaintiff also contends that the jury's verdict is not supported by the evidence. The court considers that this contention is without merit. In Leatherman v. Garza, 39 Wis.2d 378, 386, 159 N.W.2d 18, 23 (1968), the court said:

"The proper test to be applied in determining whether a jury's answer should be changed is 'whether there was *any credible evidence* which supported the jury's answer'. Home Savings Bank v. Gertenbach (1955), 270 Wis. 386, 392, 71 N.W.2d 347, 350, 72 N.W.2d 697; Wintersberger v. Pioneer Iron & Metal Co. (1959), 6 Wis.2d 69, 94 N.W.2d 136."

In Paul v. Hodd, 271 Wis. 278, 280, 73 N.W.2d 412, 414 (1955), the court said:

"There is credible evidence which, when reasonably viewed, fairly admits an inference supporting the jury's findings. That being true, neither the trial court nor this court has authority to change the jury's findings."

I believe that the testimony submitted to the jury in the instant case supports the jury's findings. The jury's assessment of the amount of damages for pain, suffering and disability seems rather low. Nevertheless, several important evidentiary facts were in sharp dispute, and I find that the jury's answers to the questions of the special verdict are supported by credible evidence.

 Although the court has the power to order a new trial in the interests of justice under § 270.49 Wis.Stats., I find no justifiable basis for granting a new trial in the instant case. Becker v. La Crosse, 13 Wis.2d 542, 109 N.W.2d 102.

Now, therefore, it is ordered that the plaintiff's motions after verdict be and hereby are denied.