HALL, Appellant, v. ARTHUR OVERGAARD, INC., and another, Respondents.

*No. 109. Argued June 6, 1972.—Decided June 30, 1972.*
(Also reported in 198 N. W. 2d 605.)

For the appellant there were briefs by *Peter E. Berg,* attorney, and *Philip G. Arneson* of counsel, both of La Crosse, and oral argument by *Mr. Arneson.*

For the respondents there was a brief by *Edwards, Hafner & McDonald, Ltd.*, of La Crosse, and oral argument by *Roger W. Hafner*.

WILKIE, J. A single issue is dispositive of this appeal: Did the trial court properly change the jury's answer finding Strozinsky 40 percent causally negligent and find him not negligent as a matter of law? In *Leatherman v. Garza*,[1] this court extensively reviewed the criteria for passing upon a trial court's decision to change an answer in a jury verdict:

"The proper test to be applied in determining whether a jury's answer should be changed is 'whether there was *any credible evidence* which supported the jury's answer.' *Home Savings Bank v. Gertenbach* (1955), 270 Wis. 386, 392, 71 N. W. 2d 347, 72 N. W. 2d 697; *Wintersberger v. Pioneer Iron & Metal Co.* (1959), 6 Wis. 2d 69, 94 N. W. 2d 136.

" 'There is credible evidence which, when reasonably viewed, fairly admits an inference supporting the jury's findings. That being true, neither the trial court nor this court has authority to change the jury's findings. *Auster v. Zaspel*, 270 Wis. 368, 71 N. W. (2d) 417.' *Paul v. Hodd* (1955), 271 Wis. 278, 280, 73 N. W. 2d 412.

" 'A trial court is not justified in setting aside a verdict either in whole or in part and directing judgment if there is credible evidence to support the findings. The crucial question is whether the evidentiary facts are practically without dispute, whether these facts reasonably support the jury's conclusion of ultimate fact drawn therefrom. *DeKeyser v. Milwaukee Automobile Ins. Co.* (1941), 236 Wis. 419, 424, 295 N. W. 755.

" 'In *Behling v. Wisconsin Bridge & Iron Co.* (1914), 158 Wis. 584, 589, 149 N. W. 484, the rule is stated thus:

" ' "While a jury finding against the clear preponderance of the evidence, presents a case for consideration by the trial judge within his discretionary right to grant a new trial, he is not required to do so, nor to change the finding to accord with the greater evidentiary

---

[1] (1968), 39 Wis. 2d 378, 386, 387, 159 N. W. 2d 18.

weight. The latter is proper only when the evidence is so convincing as to leave no room, in any reasonable view, for conflicting inferences. In that situation the real truth of the matter appears as matter of law, leaving no legitimate jury question." ' *Thorp v. Landsaw* (1948), 254 Wis. 1, 8, 35 N. W. 2d 307.

"While this court has said that it gives great weight to a trial court's decision that a verdict must be changed as a matter of law, *Rogers v. Brown* (1910), 143 Wis. 472, 128 N. W. 64; *Kanass v. Chicago, M. & St. P. Ry.* (1923), 180 Wis. 49, 192 N. W. 383, the action of the trial court will be set aside on appeal if there is credible evidence which supports the verdict. *Delvaux v. Kewaunee, G. B. & W. Ry.* (1918), 167 Wis. 586, 167 N. W. 438."

In order to affirm the judgment and order, the court must determine that there is no credible evidence to support the jury's determination of Strozinsky's negligence. This is the case.

The trial court was of the opinion that Plecko simply misconstrued the situation which faced him as he approached the shouldering machine. The court pointed out that Plecko was in no danger of running into the machine and that his evasive action in moving to the right was unnecessary. We think this is an inevitable conclusion from the evidence. The two lanes of highway are 24 feet wide. The shouldering machine took up only two or three feet of the northbound or easterly of the two lanes, thus leaving Plecko the entire southbound or westerly lane—which was the proper lane anyway—and nine feet of the northbound lane. The evidence conclusively demonstrates that Plecko had 21 feet in which to pass the machine, and would have had nine feet even if his truck took up the entire southbound lane. Plecko himself admitted that he had five or six feet between the truck and the machine.

In seeking reinstatement of the jury's answer, appellant advances three arguments based upon the record. The first is that Plecko testified that he swerved to the

right to avoid hitting the machine and that the jury was entitled to draw the inference that the shouldering machine was moving into the southbound lane. There is no evidence to support such an inference. While Plecko did testify that he observed the machine moving to the west, his entire testimony demonstrates that in reality the machine was not moving west. As Plecko passed the machine he realized that he had "cleared it good." A review of Plecko's entire testimony leads only to the conclusion that he misjudged or missaw the situation he approached on the highway. The evidence is completely consistent with the fact that the machine was proceeding backwards on the easternmost part of the highway, with only two or three feet on the actual pavement, and that Plecko's evasive action was an overreaction and was not necessary.

The second argument advanced by appellant is that Plecko blew his horn and this made Strozinsky stop moving onto the highway. Hall thus asserts that the fact that Plecko blew his horn would allow the jury to infer that the machine was moving into Plecko's lane. Strozinsky, on the other hand, testified that he did not hear Plecko sound his horn and that he stopped his machine because he was finished with what he was doing. While the jury was entitled to believe that Plecko sounded his horn, this fact does not raise the inference that Strozinsky stopped moving into the western lane. As previously noted, there is no evidence that Strozinsky was ever moving toward that lane, much less that he stopped moving in that direction. Even if Plecko did sound the horn, this was only a manifestation of his confusion as to the situation, and does not form a basis for the jury to believe that the shouldering machine was moving toward the southbound lane.

Appellant's third assertion is that Strozinsky was negligent because he did not exercise proper lookout. Our

first response to this assertion is that even if the machine operator was keeping a better lookout he could have done nothing to prevent this occurrence. The actions of Plecko were not to be expected. Other trucks had passed Strozinsky without taking this elaborate evasive action and the operator had no reason to anticipate that Plecko would do so. Thus even if he had been keeping his eyes continually on Plecko the accident still would have occurred.

Our second response to this assertion is that Strozinsky's job was such that he may have been entitled to watch the work he was doing while at the same time he may have had a lesser obligation to watch for passing trucks.[2] We do not reach this question here because the record before us does not contain any instruction on his duties to this effect.

The evidence here all points to but one result: Plecko misjudged the situation confronting him, and as a result swerved so sharply as to cause the chute to strike appellant. The evidence supports only a finding of Plecko's negligence. There is no credible evidence to support a finding that Strozinsky was also negligent.

Because we affirm the trial court's action in changing the jury's verdict answers we do not consider the other issues raised by the respondent.

*By the Court.*—Judgment and order affirmed.

---

[2] *See Knutter v. Bakalarski* (1971), 52 Wis. 2d 751, 191 N. W. 2d 235, and cases cited therein.