COOPER, Administrator, Respondent, vs. CHICAGO & NORTH-
WESTERN RAILWAY COMPANY, Appellant.

*January 14—February 3, 1914.*

*Appeal: Review of evidence: Motion for new trial after judgment:
General verdict: Several grounds of liability: Presumption on
appeal: Circumstantial evidence: Sufficiency: Proximate
cause: Railroads: Defective crossing: Injury: Husband and
wife: Damages.*

1. Where a motion for a new trial is made promptly and in ig-
norance of the fact that judgment has been entered on the
verdict, and the circuit court treats the motion as one made
before judgment, and the opposing counsel acquiesce by ac-
cepting the advantages of the order made, an exception will
be made to the rule that where the motion for a new trial
was made after judgment the sufficiency of the evidence to
support the verdict will not be considered on appeal from the
judgment.

2. Where the evidence tends to establish several grounds of lia-
bility, all growing out of the same transaction, which are sub-
mitted to the jury for a general verdict, there is no error in
the fact that it is impossible to tell upon which ground the
verdict is based; and the presumption after judgment is that
all the jurors agreed upon some one or all of the several
grounds.

3. If in such case there was no request for a special verdict nor
for proper instructions which would have eliminated any
alleged ground of liability which was insufficiently supported
by evidence, the verdict will be deemed to rest upon those
grounds of liability which are supported.

4. There must be a basis of fact for countervailing hypotheses be-
fore they can be brought forward to weaken or destroy the
effect of circumstantial evidence.

5. Where a child fell between the rails at the crossing of a rail-
way track and a sidewalk, evidence of a defective condition
of the crossing efficient to cause such a fall would warrant an
inference that the fall was caused by such condition; and
where a woman attempted to rescue the child and succeeded
in throwing it from the track, but in so doing fell in front
of an approaching train and was injured, the same consider-
ations would justify a finding that the defective condition of
the crossing was the proximate cause of the injury.

6. In an action by a husband to recover for loss of services and for expenses, etc., caused by an injury to his wife, who was struck by a railway train, an award of $467 (reduced by the trial court from $1,067) is *held* not excessive.

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The respondent David J. Marshall died this appeal pending, and *Frank Cooper,* his administrator, is substituted as respondent. David J. Marshall brought this action to recover for the loss of services of his wife and the reasonable value of his own services in caring for and nursing her, doctors' bill and hospital expenses, etc. The learned circuit judge instructed the jury at the close of the evidence that the plaintiff based his right to recover upon three alleged grounds of negligence: (1) that the train was running faster than twenty miles per hour while it was within twenty rods of the crossing in question; (2) that the engineer in charge of the train was guilty of negligence in operating the train, in that he did not have it under control as he approached the crossing, and that he was negligent upon the further ground that he had so used the air brake that it was practically exhausted, rendering the emergency brake of no use in attempting to stop the train; and (3) the defendant did not exercise ordinary care in constructing and maintaining the crosswalk where Mrs. Marshall was injured, in that the crossing walk had become old, warped, and decayed so that it was inefficient for public travel. The jury was further instructed that "if the plaintiff has satisfied you, by a preponderance of the evidence, of the existence of any one or more of the three grounds of negligence alleged, then you will have to consider the further question of whether the grounds of negligence found by you are the proximate cause of the injuries sustained by Mrs. Marshall." Proximate cause was then defined and further instructions given. The jury returned a general verdict in favor of the plaintiff and

against the defendant for $1,067 damages, which was on February 26, 1913, by order of the court, reduced to $467. Counsel for defendant requested the court to instruct the jury as follows: "There is no sufficient evidence in the case from which you can find that any defect in the crossing or the planking, or any condition thereof, was the cause of or contributed to the accident in question." This instruction was refused, and to such refusal the defendant excepted. On the coming in of the verdict and before any motion for a new trial, on December 14, 1912, judgment was by the clerk entered in favor of the plaintiff and against the defendant on this verdict in the sum of $1,067. On December 30, 1912, defendant's motion for a new trial was filed, apparently in ignorance of the fact that said judgment had been entered. The motion for a new trial was entertained and considered and on February 4, 1913, an order was made granting a new trial on the ground of excessive damages unless the plaintiff should consent to reduction of the verdict to $467. The plaintiff did so consent, and the judgment was corrected to comply with the order of the court and said consent, and the clerk on February 26, 1913, made an entry at the foot of the judgment to the effect that the judgment was reduced to $467 by order of the court dated February 24, 1913.

*Edward M. Smart,* for the appellant.

For the respondent there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *Evan A. Evans.*

Timlin, J. The foregoing statement of facts seems to be sufficient to present all the questions properly before us on this appeal.

(1) The respondent, relying upon *International T. B. Co. v. Samer,* 151 Wis. 570, 139 N. W. 315; *Kozik v. Czapiewski,* 136 Wis. 70, 116 N. W. 640, and other cases in this court, contends that upon appeal from a judgment, as

here, this court cannot consider the sufficiency of the evidence to support the verdict where the motion for a new trial is made after judgment, and that in such case the question should be presented by appeal from the order denying a new trial. In a case like this where the motion for a new trial was made promptly and in apparent ignorance of the fact that judgment had been entered on the verdict, and the circuit court treats the motion as one made before judgment and counsel opposed acquiesce by accepting the advantages of the order made, there is room for a distinct exception to that rule, which is hereby recognized, and the appeal will be considered on its merits.

(2) Appellant contends that it is impossible to tell whether the jury's verdict for the plaintiff rests upon the first, second, or third ground of negligence of the defendant mentioned above and submitted to the jury. From this he argues that the verdict may rest upon the insufficiency or defective condition of the crosswalk, affirming its insufficiency and its causal relation to the injuries in question. Then going back to the evidence he affirms that there is no evidence showing that this insufficiency of the crosswalk, if it existed, was the proximate cause of the injuries in question, and therefore it was error to refuse the requested instruction above quoted.

Where there is competent evidence tending to establish several grounds of liability, all growing out of the same transaction, which are submitted to the jury, and the latter respond thereunto by general verdict, there is nothing unusual or erroneous in the fact that it is impossible to tell upon which of these grounds the jury found in favor of the prevailing party. 12 Cyc. 693 and cases in note 26; *Nelson v. State,* 52 Wis. 534, 9 N. W. 388; *Grottkau v. State,* 70 Wis. 462, 36 N. W. 31; *Nye v. Otis,* 8 Mass. 122, 5 Am. Dec. 79. Civil cases have been tried and submitted in this manner from the earliest times, and the only doubt appears

to have been with reference to criminal trials, in which the foregoing rule was finally established. The presumption after judgment is that the jury all agreed upon some one or all of the several grounds of recovery and no error on the part of the jury appears. If a party litigant desires to know in such case upon what grounds of fact the verdict is based he must call for a special verdict. But a party may insist upon proper instructions as to each count of the complaint or as to each ground of liability claimed, and thus eliminate any alleged ground of liability which is insufficiently or inadequately presented by the evidence. If there is no special verdict requested and no proper instructions requested, and the evidence makes a case for the jury upon each of the alleged grounds of liability, the question of which ground the jury found against the losing party upon, becomes one of mere academic interest and immaterial in the practical investigations of the law, and if in such case one of the grounds of liability alleged is insufficiently supported by evidence, the verdict will be referred to those grounds of liability which are supported.

There was evidence from which the jury might have found that the planking between the rails of defendant's track, forming part of the sidewalk in question, was defective. There was a space or opening between the inside of the south rail and the next adjacent plank. The third plank was shorter at one end and did not lie up close to the fourth plank, and the fourth plank was warped and curled up in such a way that a traveler on the sidewalk might trip against the upraised edge and fall. The jury viewed the crossing, and photographs thereof are in the bill of exceptions. There was also evidence from which the jury might have found that a group of four, consisting of three adult women and a five-year-old child, were traveling on this sidewalk, two women ahead, and about six feet behind them Mrs. Potter

and the child.   On this defective crossing, midway between
the rails, the child suddenly fell.   The train was approach-
ing rapidly, Mrs. Marshall threw the child off the track and
saved its life, but in doing so fell in front of the advancing
train.   The two women ahead, when the child fell, at once
turned back, apparently to save it, and all three women
were struck by the train, two of them killed and Mrs. Mar-
shall injured, but the child saved.   No express testimony
states what caused the child or Mrs. Potter to fall.   It is
suggested that the child might have been carrying a parasol
and that the point of it went down between the plank.
There is no positive testimony that the child was carrying
a parasol, but a child's parasol was found near or upon the
crossing after the accident.   Another suggestion is that the
child might have stepped on its mother's dress and so tripped
and fell, this fall causing the mother to fall.   But at the
time the child fell it was walking alongside of Mrs. Potter,
and if the latter was wearing the ordinary street dress this
would not be probable.   There must be a basis of fact for
countervailing hypotheses before they can be brought for-
ward to weaken or destroy the effect of circumstantial evi-
dence.   *U. S. v. Ross,* 92 U. S. 281, 282.

It seems somewhat significant that the child was thrown
off the track and out of danger before the train struck the
remainder of the group.   So that with reference to the cause
of the fall we have a question of circumstantial evidence.
The fall of the child is proven to have occurred at this par-
ticular place.   A condition efficient to cause such fall is
shown to have existed at this place.   No other reasonable
hypothesis based on facts in evidence is advanced to account
for the fall.   There is therefore evidence from which the
jury was authorized to infer that the fall was caused by the
defective condition of the crossing and justified the rejec-
tion of the absolute direction embodied in defendant's re-

quest· for instruction.  *Thompson v. Johnston Bros. Co.* 86 Wis. 576, 57 N. W. 298; *Hoye v. C. & N. W. R. Co.* 62 Wis. 666, 23 N. W. 14; *S. C.* 67 Wis. 1, 29 N. W. 646.

The same considerations, weakened somewhat by the possibility that Mrs. Marshall might have fallen from fright or excitement in her desperate effort to save the life of the child, and strengthened somewhat by the fact of the fall of the child (if the jury found such fall caused as aforesaid) and her exertions in rescuing the child from imminent and impending danger, accounted for her presence on the track at the critical moment and supplied the premises for a finding of proximate cause.    This does not sink to a mere matter of conjecture, it is a weighing of probabilities based upon inferences of fact from other relevant facts properly in evidence.

(3) We do not consider the amount of the verdict as reduced by the learned circuit judge excessive.    This last is a question of fact and has support in the evidence and has the weight of the decision of the court below in its favor.

*By the Court.*—Judgment affirmed.