ANDERSON, Appellant, v. DEERWESTER and another, Respondents.

*February 1—March 8, 1960.*

For the appellant there was a brief by *Schlotthauer & Jenswold* of Madison, and oral argument by *George McD. Schlotthauer*.

For the respondents there was a brief and oral argument by *George D. Young* of Milwaukee.

BROADFOOT, J. The evidence adduced by the parties with reference to the events that transpired immediately prior to the collision was in direct conflict. The plaintiff testified as follows: That she was driving from Milwaukee

to Green Bay to attend a birthday party. She was accompanied by one William Cvikota. About one and one-half miles south of the point of the collision she overtook the defendant's car which was followed by another car, the driver of which is unknown. The defendant was traveling between 30 and 35 miles per hour and she followed the two cars for some time. It was raining and her windshield wipers were operating. She decided to pass the two cars. She turned on her left directional light, blew her horn, and pulled into the west lane. She passed the first car without any difficulty, and again blew her horn. When she was within eight feet of the Deerwester car he suddenly veered to the left, pulling out into the west lane. She tried to steer to the left to avoid him but struck his car and went off the highway.

Cvikota testified that plaintiff blew her horn before she started to pass the Deerwester car; that the front end of plaintiff's car was approximately even with the rear wheels of the Deerwester car when it swung sharply into the west lane without warning and the right rear of plaintiff's car collided with the left rear fender of the Deerwester car.

The defendant testified as follows: That he was driving north on Highway 41 and planned to turn left on Highway 49 to proceed to Green Lake. His windshield wipers were working and his parking lights were turned on. It was raining slightly and the pavement was wet. When he was 1,500 to 1,800 feet south of the intersection with Highway 49 he reduced his speed and turned on his directional light indicating a left turn. When about 500 to 550 feet south of the intersection he crossed the center line into the left lane. There was no traffic approaching from the north and he did not wish to hold up traffic from the south. Some cars passed him on the right. He had traveled about 150 feet entirely in the west lane when he felt a bump. His

windows were closed and he heard no horn or warning signal of any kind. Before turning into the left lane he looked to the rear and saw no cars approaching from the south in that lane. He did not look to the rear after that until after the collision. He continued to the intersection, made his left turn, and parked his automobile on Highway 49. He saw the plaintiff's car in the field 40 to 45 feet west of Highway 41. Plaintiff had been thrown out of the car and was lying on the ground. Her car was badly damaged. The damage to his automobile was to the left rear taillight and the rear of the left fender. The defendant's testimony was corroborated in many respects by that of his daughter, who was a passenger in his car.

The plaintiff is seeking a new trial because of claimed errors by the trial court and also in the interest of justice. As a basis for her contention she claims: (1) That the verdict was inconsistent; (2) that the verdict was duplicitous; (3) that a question should have been included in the special verdict as to whether the defendant was negligent in failing to yield the right of way upon signal by the plaintiff; (4) that the defendant's testimony is incredible; and (5) that respondent was negligent as to lookout as a matter of law. We shall consider these contentions in inverse order for the reason that our determination of the last three, which involve the defendant, will be important in our consideration of the other two.

For the purpose of the argument that the defendant was negligent as to lookout as a matter of law, the plaintiff is willing to assume that the jury could believe that the defendant had traveled partially in the left lane for 300 to 400 feet before the collision. Plaintiff states that in deviating from one's lane of traffic or when making a legal left turn a driver must, in the exercise of ordinary care, keep a lookout to his rear. The defendant testified that he made a proper

observation to the rear when he deviated to the west lane and he admitted that he did not again look to the rear.

The left-turn statute, of course, is not applicable because he was still 200 feet from the intersection where he would make the left turn when he was struck. The defendant was violating a statute in driving in the west lane the distance he testified to, and the jury found that in so doing he was negligent although his negligence in that respect was not causal. The following quotation from plaintiff's brief states her position on this point:

"Thus, looking at the situation in the most-favorable light possible for defendant, he was proceeding down the highway in an unlawful position without keeping any lookout to his rear. The longer time he was proceeding in this manner, the more flagrant his causal negligence becomes. That respondent could have avoided collision even though in this unlawful position, is obvious. Had he in the exercise of proper lookout seen appellant approaching or heard appellant's proper and timely horn signal, respondent could have given way, entered his proper lane, and no accident would have occurred. Thus we submit that respondent's unlawful position on the highway and his failure to maintain any lookout whatsoever to his rear must be a negligent cause of the collision as a matter of law."

The assumption that the defendant could have entered the east lane of traffic had he seen the plaintiff is not warranted by the record. The defendant testified that just prior to the time he deviated from the east lane to the west lane of the highway he looked to his rear and observed 12 to 15 cars following him. He made a gradual turn into the left lane and it took him a distance of 100 to 150 feet to get from one lane into the other. After he was in the west lane two or three cars passed him on the right. The collision caused his car to veer slightly to the right. At that time there was a car just to his right in the east lane and he had

to turn the wheel to the west lane. As only three or four cars had passed him on the right, there were eight to 12 others in the east lane. There is no other testimony with reference to the traffic in the east lane, and that testimony indicates the defendant could not have entered the east lane even though he had seen the plaintiff's car following him in the west lane or had heard her horn signal. Unless defendant's testimony was incredible the jury had a right to believe it and to find that there was no causal negligence on the part of the defendant with respect to lookout. The same argument was made to the trial court in motions after verdict and the trial court refused to hold that the defendant was causally negligent with respect to lookout as a matter of law. We find no error in that ruling.

Plaintiff cites three cases to support her contention. They are *Stanek v. Cole* (7th Cir.), 178 Fed. (2d) 122, *Lind v. Lund,* 266 Wis. 232, 63 N. W. (2d) 313, and *Schweidler v. Caruso,* 269 Wis. 438, 69 N. W. (2d) 611. None of the cases are in point. In the *Stanek Case* the defendant collided with another car that skidded across the highway. The case merely determined that there was a jury question as to whether the defendant Cole had maintained a proper lookout for the other automobile which was ahead of him in the highway. The *Lind Case* involved the duty of a driver to make an efficient lookout before crossing an arterial highway. In the *Schweidler Case* the defendant was proceeding in a northerly direction ahead of a school bus obstructing his vision to the rear. He made a sharp left turn from the east lane of the highway at the same time an automobile that had been behind the school bus attempted to pass.

The plaintiff's contention that the defendant's testimony is incredible is based upon certain extracts from his testimony as to distances traveled to which the plaintiff applies certain arithmetical computations, and upon some slight dis-

crepancies in his testimony taken upon adverse examination and upon the trial. It is not our function to pass upon the credibility of witnesses nor the weight to be given to their testimony. It is our function to determine whether there is credible evidence which supports the answers of the jury. Even though defendant's testimony as to speeds and distances was rejected there would still remain the testimony of his daughter, which is not attacked and which would support the answers in the jury verdict.

It is further contended that the trial court erred in refusing to submit a question to the jury as to whether the defendant was negligent with respect to yielding the right of way. The plaintiff requested that such a question be submitted together with a corresponding cause question. Her request, of course, was based upon her version of how the accident happened. It was her testimony that the defendant suddenly swerved into her path after she had successfully passed one car and was about to pass the defendant. The trial court felt that upon plaintiff's testimony as to how the accident happened, the defendant's negligence, if any, was due to his sudden deviation into the west lane without ascertaining that he could do so safely. Had the question been submitted and had the jury accepted the plaintiff's testimony as to the way in which the accident happened there might well have been a duplicitous verdict. The trial court wished to avoid that possibility. However, in connection with the deviation question the trial court instructed on the duty of a driver to yield the right of way in favor of an overtaking vehicle on suitable and audible signal being given by the operator of the overtaking vehicle. That covered the issue fairly, as far as the plaintiff's testimony was concerned. Sec. 85.16 (4), Stats. 1955, does provide that the operator of a forward-moving vehicle shall give way to the right, if practical, in favor of the overtaking vehicle on suitable

and audible signal being given. We have already discussed the defendant's testimony with respect to the traffic proceeding northerly in the east lane of the highway which indicated that it would not have been practical for him to give way to the right had he seen the overtaking vehicle or heard the signal given by the plaintiff. This contention was also argued to the trial court on motions after verdict and we find no error in his refusal to submit the question or to grant a new trial because of failure to submit the same.

Plaintiff's contentions that the verdict was inconsistent and duplicitous become unimportant in view of our determination on the other points raised by her. Her first duty was to prove that the defendant was causally negligent in the operation of his automobile in some respect. This she has failed to do. Inconsistency or duplicity in a verdict becomes important when two or more persons are found to be causally negligent, as it may have a serious effect on the apportionment of the negligence between the tort-feasors.

It is contended that the verdict is inconsistent because the jury found that plaintiff blew her horn but found her causally negligent as to lookout. The argument is that she must have seen the defendant because she sounded her horn. It is contended also that the verdict is duplicitous because the jury found the plaintiff to be causally negligent with respect to both lookout and management and control.

All of the essential elements of the plaintiff's case against the defendant were determined in his favor. On the issues of the defendant's causal negligence there is a valid verdict that supports the judgment. Answers to questions in a verdict that are not essential to the judgment become immaterial. *Augustin v. Milwaukee E. R. & T. Co.* 259 Wis. 625, 49 N. W. (2d) 730. The jury finding that the plaintiff was causally negligent becomes immaterial. It was not necessary for the defendant to prove contributory negligence on the

part of the plaintiff in order to sustain a judgment dismissing the complaint. If that were essential, the record would support some finding of causal negligence on the part of the plaintiff. If there were defects in the verdict so far as it related to plaintiff's negligence, they would not be prejudicial to her under the circumstances.

We can find no prejudicial error on the part of the trial court, and we agree with its determination that a new trial is not required in the interest of justice.

*By the Court.*—Judgment affirmed.