BAKER, Appellant, v. BRACKER and others, Respondents.

*No. 229.   Argued April 11, 1968.—Decided May 7, 1968.*
(Also reported in 158 N. W. 2d 285.)

For the appellant there was a brief by *Foley, Capwell, Foley & Seehawer* of Racine, and oral argument by *Rex Capwell.*

For the respondent Baumann Oil & Coal Company there was a brief by *La France, Thompson, Greenquist, Evans & Dye* and *Adrian P. Schoone,* all of Racine, and for the respondent Theodore Bjorkman by *Heft, Coates, Heft, Henzl & Bichler* and *Robert H. Bichler,* all of Racine, and oral argument by *Mr. Schoone* and *Mr. Robert H. Bichler.*

HALLOWS, C. J. The sole question is whether the plaintiff Clayton N. Baker has adduced sufficient evidence to

establish a prima facie case of liability upon the part of the defendants. The defendant Theodore Bjorkman is the operator of Ted & Hazel's Bar and a sublessee of the defendant Baumann Oil & Coal Company. The defendant Benjamin Bracker is the owner of the premises which consist of gas station and beer bar.

On a Saturday night in February, 1964, Baker and his wife and several friends were entertaining themselves in the tavern part of the premises. This portion of the building is about 20-feet square, contains a bar, stools, pool table, chairs and tables. On Saturday nights the pool table is pushed against the wall and dancing is permitted in the limited space between the bar and the table; the music being provided by two guitar players and by the jukebox when the musicians take a break. At the time of the accident Baker was dancing the twist with his wife to music from the jukebox. The floor of the barroom was covered with asphalt tile which contained numerous indentations caused by the legs of the stools and other heavy objects. There were some defects and "potholes," or circular indentations, one being about eight or nine inches in diameter and located midway between the barstools and the pool table.

It is Baker's contention that while he was dancing his foot stopped at an indentation causing his left knee to buckle out. This resulted in a torn ligament and a fractured patella or kneecap. These injuries resulted in Baker's hospitalization, several operations, wage loss, and some permanent disability, for which Baker sought $65,000. Baker testified he weighed about 215 pounds and did not slip or trip on anything before he fell but that his knee suddenly buckled out; he heard a sharp crack, felt a severe pain and fell to the floor. He also testified the sole of his left foot was on the floor and was sliding when it suddenly came to a stop. At the time in the dance he was turning and shifting his body from the right to the left, had placed all his weight on the left

leg, his body was tipped to his left and he was about to twist back to his right.

Baker testified he did not know the exact position of his left foot on the floor when it stopped and it was only his guess that his foot stopped because of an indentation in the floor. In pointing out his position on the floor at the time of the accident, the spot was approximately three feet from any indentation or defect in the floor. The testimony of Mrs. Baker brings him closer to indentations, but there is no testimony which positions his left foot in contact with a defect in the floor at the time of the injury.

The defendants claim the evidence shows the injury was due solely to the violent and wild gyrations of the dance Baker was performing. There is no doubt from testimony that Baker was performing his dance to the best of his ability and with vehement effort. The twist for the uninitiated is defined in the Dictionary of English Language, page 1530, as "A vigorous dance performed by couples and characterized by strongly rhythmic gyrations and flailings of the arms, legs and torso."

On this appeal we may assume the defendants were negligent in respect to a safe place; the question relates to proof of causation. Baker argues because he was in the area of the defects that he is entitled on this evidence to the benefit of a presumption that one of the indentations caused his knee to buckle. He relies on *Umnus v. Wisconsin Public Service Corp.* (1952), 260 Wis. 433, 51 N. W. 2d 42. We think not, and that the trial court was right in granting a nonsuit.

Prior to *Umnus* there was a line of cases in this state which held a jury could find a fall was caused by a defect if: (1) The condition of the premises was sufficient or of such a nature as to cause such a fall, (2) the condition existed at the place of the fall, and (3) no other facts were in the evidence to account for the fall. This principle was applied in *Cooper v. Chicago & N. W. Ry.* (1914),

155 Wis. 614, 145 N. W. 203, where a child fell on a defective sidewalk crossing railroad tracks and an adult in attempting to rescue the child was injured by the train. It was held the jury could find the fall of the child was caused by the defect although there was no direct evidence of causal relationship.

In *Wm. Esser & Co. v. Industrial Comm.* (1926), 191 Wis. 473, 211 N. W. 150, in discussing this problem in relation to a safety order requiring a hole in a floor to be guarded, this court held the defect or failure to provide a safety device must be shown in some relationship to the actual injury, at least the injury had to be the type which was sought to be prevented by the safety regulation or device. The proof in *Esser* was not clear whether the employee fell through the opening in the floor by walking into a hole or whether he fell through the hole while climbing or descending a ladder and the court held the industrial commission was not warranted in drawing an inference of causation from the evidence. The *Esser Case* was distinguished in *Umnus* which also involved a hole in the roof through which an employee fell.

The significance of *Umnus* is the establishment of a rebuttable presumption which seems to have been an inference before that case. In *Umnus* we stated that when a failure to fulfill a duty under the safe-place statute exists and an accident occurs which the performance of the duty was designed to prevent, the law presumes the damage was caused by the failure. This presumption is sufficient to meet the burden of proof of a prima facie case if not rebutted. Thus if the presumption is applicable, some evidence is required to show the failure or defect was not causal. However, there is no such presumption when the accident does not occur at the spot or place where the defect exists or when the presence of safeguards or the elimination of the defect would have had no effect in preventing the accident.

This principle was applied in *Candell v. Skaar* (1958), 3 Wis. 2d 544, 89 N. W. 2d 274, a case which involved a defect in an outdoor step of a tavern where the position and manner of falling on the step gave rise to the presumption that the defect was causal. A case in point which did not apply the presumption because the defect in the step in front of a store was some six feet away from the place of the fall was *Ruplinger v. Theiler* (1959), 6 Wis. 2d 493, 95 N. W. 2d 254.

The requirement that the fall or injury must occur in such a place or in such a manner or have such a nexus with the defect as to furnish a factual basis for the presumption was applied in *Van Pool v. Industrial Comm.* (1954), 267 Wis. 292, 64 N. W. 2d 813. There, a swing scaffold dropped and the employees thereon fell. There existed a violation of a safety code requiring a lifeline for use on a swing scaffold. Although there was a dispute in the evidence whether the lifeline would have been used if it had been available, the court applied the presumption.

More recently in *Van Sluys v. ILHR Department* (1968), 38 Wis. 2d 419, 157 N. W. 2d 606, we refused to apply the presumption to facts where there was no showing the accident took place at the spot where the defect existed. On the same assignment we did apply the presumption to facts involving a fall on stairs where no handrails were provided. *Cossette v. Lepp* (1968), 38 Wis. 2d 392, 157 N. W. 2d 629. Concurrently with this opinion we have applied the presumption of causation to a fall on outside steps of a store where the fall occurred at the place where a defect existed. *Erdmann v. Frazin,* ante, p. 1, 158 N. W. 2d 281. Thus the plaintiff's argument that proof of an accident in the general area of a defect is sufficient to call forth the presumption is without merit and must be rejected. The presumption is not that his foot came in contact with a defect (because Baker was dancing in the area of defects) but

rather that if his foot did come in contact with a defect, such defect caused his injury.

We need not hold that Baker's injury was the result of his vigorous dancing because without the presumption to aid his evidence he does not state a prima facie case or present a factual issue which requires rebuttal.

*By the Court.*—Judgment affirmed.