LUECK and others, Appellants, v. CITY OF JANESVILLE and another, Respondents.*

*No. 227.   Argued January 3, 1973.—Decided February 8, 1973.*
(Also reported in 204 N. W. 2d 6.)

* Motion for rehearing denied, with costs, on April 20, 1973.

For the appellants there was a brief by *Campbell, Brennan, Steil & Ryan, S. C.,* attorneys, and *James E. Brennan* of counsel, all of Janesville, and oral argument by *James E. Brennan.*

For the respondents there was a brief by *Eli Block Law Offices* and *Eli Block* of Janesville, and oral argument by *Eli Block.*

BEILFUSS, J. Although the defendants-respondents (city of Janesville and Sorenson) in their motions after verdict moved the court to change the verdict answer concerning Sorenson's negligence from "yes" to "no," and in their brief herein have made a passing reference to his negligence, the major thrust of both briefs is to the question of causation. The plaintiffs-appellants con-

tend that Sorenson's negligence should be held to be a cause of the accident and injuries as a matter of law or, in the alternative, a new trial should be ordered in the interest of justice.

From our examination of the entire record we feel compelled to consider whether Sorenson was negligent.

We are mindful of the often stated rule that if there is any credible evidence under any reasonable view or any reasonable inferences derived therefrom that support a finding of fact by the jury that neither trial court nor this court should change that answer. Conversely it can be said if there is no such evidence either court can change the answer as a matter of law.[3]

In addition to the definition of negligence or failure to exercise ordinary care commonly used in jury cases,[4] the trial court instructed the jury as to the duties of Sorenson as follows:

"I will now instruct you with regard to the duties of a teacher; and this refers to Question 1, inquiring about whether Ted Sorenson was negligent. You are instructed that a teacher occupies a position in relation to his pupils comparable to that of a parent to children. He has the duty to instruct and warn pupils in his custody of any dangers which he knows or in the exercise of ordinary care ought to know are present in the gymnasium; and to instruct them in methods which will protect them from these dangers, whether the danger arises from equipment, devices, machines, or other causes. A failure to warn students of such danger or to instruct them in the means of avoiding such danger is negligence. In arriving at your determination as to whether or not the defendant Ted Sorenson exercised ordinary care you may weigh and consider the age, intelligence, and experience which he knew or ought to have known that the plaintiff and other students in the

[3] Hall v. Arthur Overgaard, Inc. (1972), 55 Wis. 2d 247, 198 N. W. 2d 605; Paul v. Hodd (1955), 271 Wis. 278, 73 N. W. 2d 412; Thorp v. Landsaw (1948), 254 Wis. 1, 35 N. W. 2d 307.

[4] Wis J I—Civil, Part I, 1005.

class possessed. You may further weigh and consider the responsibilities which have been placed upon the defendant Ted Sorenson by his employment, such as the curriculum he was required to carry out, the daily schedule which was imposed upon him, the number of pupils assigned to him in the class, the size and arrangement of the gymnasium, and the equipment, devices, and other objects therein. If you become satisfied by the greater weight of the credible evidence to a reasonable certainty that the defendant failed to exercise that degree of supervision, instruction, and care which an ordinarily prudent physical education teacher would have maintained over the pupils or furnished to the pupils, then you will answer the question yes. If you are not so satisfied, you will answer the question no."

These instructions were not objected to at the trial nor are they challenged on appeal. We believe they fully and fairly advise the jury as to Sorenson's duties toward the plaintiff Terry consistent with the evidence in the case.

Although the complaint has additional allegations of negligence on the part of Sorenson, they find no support in the evidence; the basic claim of the plaintiffs is that Sorenson's negligence consisted of his failure to properly instruct and supervise his students.

Plaintiffs maintain that ". . . such negligence culminated in the most glaring item of negligence in the case, to-wit, defendant's failure to provide a spotter for the plaintiff, Terry Lueck, . . . so as to prevent his injury." We do not believe the evidence supports this contention. Plaintiffs seek to have the court charge Sorenson with an unreasonably high standard of care. That is, notwithstanding the present duty and standard of care imposed by law, Sorenson should have the additional duty to make sure every student who performs on any gymnastic apparatus while in class has a designated and specifically assigned spotter to spot, assist and prevent the possible fall of the performer at any time when working on an activity therein. To support this propo-

sition plaintiffs offer only Dr. De Carlo's expert opinion based on a hypothetical question. His opinion with respect to that hypothetical does not establish that this contended standard of care should be imposed against Sorenson. The question was based in part on the facts of this case, but it also assumed facts not in evidence, included incorrect facts, conjecture and speculation. For instance, there was credible testimony that Terry was "poorly coordinated" and not "athletically inclined." Terry's mother said Sorenson told her Terry was awkward but Sorenson denied this fact. Even if one assumed Terry was somewhat awkward, it does not necessarily follow that Terry was poorly coordinated—especially in light of his gymnastic achievements prior to the accident. As for being athletically inclined, there was testimony that one of his classmates felt that he was better than Terry and Terry was not a very athletic person. But this testimony is pure conjecture and is an unfounded opinion. The evidence clearly shows that Terry has participated in team sports. For example, just prior to his nine-week gymnastic course in which he was injured, he participated in soccer football. Further, one only needs to look at his prior interests and participation in gymnastics. It was next incorrectly assumed that Terry got a "D" as a final grade in gymnastics. The evidence clearly shows that he got all "C's" except for one "D" in weight lifting. The hypothetical also assumed that safety rules and the use of a spotter were not even emphasized nor ever strictly enforced. This is simply not true. The hypothetical also stated incorrectly that Sorenson left the gymnasium during class to drink coffee without leaving anyone in charge. This again is not the fact. Conjecture, speculation and incorrect assumptions like these permeated the entire hypothetical. The inaccurate hypothetical led Dr. De Carlo to state that based on its facts the gym instructor did not

comply with the standards that a reasonable and prudent teacher would follow in teaching a course in gymnastics. The next question plaintiffs posed to Dr. De Carlo was his ". . . opinion as to whether or not Mr. Sorenson complied with the standards of an ordinarily prudent physical education teacher in the supervision of his class on the day in question." Dr. De Carlo said:

"My opinion is that for the general teaching of physical education, which would include all areas, it more than likely would be adequate; but when you're specifically involved with apparatus and particularly with beginners, I would say the overall supervision could have been more wisely handled."

This is the whole point—Mr. Sorenson's supervision of the class that day was "adequate." It would be impossible to watch every student all of the time during the class period. De Carlo never said Sorenson did not comply with the standards that a reasonable and prudent teacher would follow in teaching gymnastics. In fact, the word "adequate" would allow only one reasonable inference. That is, Sorenson did comply with the required standard of care. Whether De Carlo would have personally handled it "more wisely" is not the test. What De Carlo would do and what the standard of care requires are two different things. The standard is what determines one's negligence and not what others may have personally done. A teacher should only be subjected to liability by the standards of care imposed by law and nothing more. Further, De Carlo admitted on cross-examination that not all of the experts in this field agree with his philosophy or opinion with respect to how a gymnastic course should be supervised and run. Lastly, when De Carlo was asked whether a spotter, to a reasonable degree of certainty, would have prevented the accident, De Carlo said:

"Yes, well very hypothetical, but in my opinion he could have prevented that accident, yes."

Needless to say, an accident that "could have" been prevented is only a mere possibility and is different from saying it "would have" been prevented to a reasonable certainty.

Without restating the evidence, it is our opinion there is no credible evidence nor reasonable inferences that could be drawn from the evidence that will sustain a finding that either the municipality or its employee Sorenson failed to use ordinary care in the furnishing of adequate equipment or in the instruction, supervision and assistance given to the injured plaintiff, Terry, before and at the time of his fall and injury. The plaintiffs have failed to meet their burden of proof so as to establish negligence on the part of the defendants. The motion to change the answer from "yes" to "no" in the question inquiring as to the negligence of Sorenson should have been granted.

When it appears that the plaintiffs have not established negligence on the part of the defendant, the rest of the verdict becomes, in effect, surplusage. However, even if we assume negligence on the part of Sorenson had been established, we agree with the trial court wherein it concluded the jury finding that any negligence on the part of Sorenson was not a cause of the accident must be sustained.

*By the Court.*—Judgment affirmed.