FONDELL, Plaintiff-Respondent, v. LUCKY STORES, INC., Defendant-Appellant.

Supreme Court

*No. 76–057. Submitted on briefs September 7, 1978.—*
*Decided October 3, 1978.*
(Also reported in 270 N.W.2d 205.)

For the appellant the cause was submitted on the briefs of *Campbell, Brennan, Steil & Ryan, S. C.* of Janesville.

For the respondent the cause was submitted on the brief of *Frank X. Kinast* of Beloit.

COFFEY, J. There are three issues presented:

1. Has the defendant waived its right to appeal the trial court's refusal to accept the jury's original verdict by failing to move for a new trial on motions after verdict?

2. Whether it was error to refuse to accept a verdict finding both the plaintiff and defendant negligent without finding either party causally negligent?

3. Whether it was error to reinstruct the jury that once having found negligence on both parties, that causation must be found as to one or both of the parties?

The plaintiff-respondent alleges that the defendant-appellant waived its right to appeal the trial court's refusal to accept the original jury verdict. The plaintiff contends that the right of appeal must be preserved by a timely motion for a new trial on motions after verdict. The authority relied on is *Wells v. Dairyland Mut. Ins. Co.*, 274 Wis. 505, 80 N.W.2d 380 (1957) and *Upton v. Tatro,* 68 Wis.2d 562, 229 N.W.2d 691 (1975). In *Wells v. Dairyland Mut. Ins. Co., supra,* the applicable rule for preservation of appeal was stated at 518:

"We deem the correct rule to be that no error of the court should be reviewable *as a matter of right* on appeal without first moving in the trial court for a new trial bottomed on such error, if the error is of a category that a trial court could correct by granting a new trial."

The defendant has alleged that it was error for the trial court to refuse to accept the first jury verdict which found both parties negligent but without a finding as to causal negligence. The defendant, by the first verdict, had what they believed was a proper verdict supported by the evidence. If the defendant is correct that the trial court erred by not accepting the form of the first verdict, we will remedy the error by a reinstatement of the first verdict. Therefore, we find that the defendant did not waive its right to appeal the reinstruction and resubmission of the verdict, since the error is of a character which could not be cured by a new trial. The defendant's timely objection to the reinstructing and resubmitting of the verdict and its motion for judgment on the original verdict properly preserved the issue for appeal.

The dual issues framed by the defendant alleging the trial court erred in reinstructing the jury on causation and further erred by refusing to accept the original jury determination, are issues essentially identical in nature. Therefore, this decision shall not treat those issues separately, but shall solely consider whether the trial court erred in resubmitting the verdict to the jury.

The crux of this case arises from the trial court's handling of a verdict where both parties were found negligent, but neither causally negligent. The trial court found this to be a rare and confusing jury determination. The trial judge's comments in the record are cryptic as to the exact reason why the special verdict was resubmitted to the jury. Apparently, the trial court believed that under the evidence introduced where both parties were found negligent that a finding of causation must automatically result when there has been no evidence offered to indicate that the accident was an "Act of God" or a "pure accident."[1]

---

[1] These matters need not be specifically alleged as indicated in *Miller v. Town of Casco*, 116 Wis. 510, 93 N.W. 447 (1903) at 515–16 it was stated:

"The trial judge filed an opinion when he decided the various motions, from which it appears that he deemed the verdict inconsistent because it acquitted both the town and the driver of negligence. In this opinion, while conceding that the inference of pure accident or misfortune might, perhaps, be drawn from the verdict, he seems to conclude that, because neither party urged that theory, but the plaintiff urged negligence of the town as the cause, and the defendant urged the negligence of the driver as the cause, therefore a verdict finding that neither of these causes existed is inconsistent, and cannot stand. This certainly does not follow. If the jury, by their answers, have found accident, without negligence on either side, the defendant is entitled to the benefit of that conclusion. The negativing of negligence on one side does not, in such a case as this, necessarily involve the conclusion that there was negligence on the other side. Accidents for which no one can be held responsible frequently happen."

It is established law in Wisconsin that negligence and causation are separate inquiries[2] and that a finding of cause will not automatically flow from a finding of negligence. *Pfeifer v. Standard Gateway Theater, Inc.,* 262 Wis. 229, 55 N.W.2d 29 (1952); *Anderson v. Deerswester,* 9 Wis.2d 428, 101 N.W.2d 640 (1960); *Baker v. Bracker,* 39 Wis.2d 142, 158 N.W.2d 285 (1968); *Carr v. Amusement, Inc.,* 47 Wis.2d 368, 177 N.W.2d 388 (1970); *Lueck v. City of Janesville,* 57 Wis.2d 254, 204 N.W.2d 6 (1973); *Greiten v. LaDow,* 70 Wis.2d 589, 235 N.W.2d 677 (1975).[3]

Negligence is determined to exist when there is a duty owed to a party's person or property and this duty is breached by conduct which is not intentional in nature. *A. E. Investment v. Link Builders, Inc.,* 62 Wis.2d 479, 484, 214 N.W.2d 764 (1974).[4]

---

[2] *Grunwald v. Halron,* 33 Wis.2d 433, 147 N.W.2d 543 (1966) where it was stated at 438;

"An important aspect of the instructions in a negligence case is the matter of proximate cause, for though there be negligence, liability may extend only for such damages that are proximately caused by the negligence. In a very recent case we held that it was error to submit a negligence case without a separate causation question. *Baierl v. Hinshaw* (1966), 32 Wis.(2d) 593, 146 N.W.(2d) 433."

[3] *Supra* at 601–02 it was noted:

"Accordingly, under the well-established rules of negligence in Wisconsin, the plaintiff is simply required to prove that the defendant failed to exercise ordinary care and the act or omission complained of was the cause, in the legal sense, of the plaintiff's injury. That latter consideration, of course, carries with it the entire panoply of rules concerned with cause in fact, proximate cause, and intervening cause."

[4] For an analysis of the Wisconsin case law development of duty and its interrelationship with cause, see: *The Existence of a Duty in Wisconsin Negligence Cases,* 61 Marq. L. Rev. 447 (1978).

There is no liability upon the failure to meet the required duty until such negligence is found to be the legal cause of the plaintiff's injuries.[5] *Pfeifer v. Standard Gateway Theater, Inc., supra; The Restatement (Second) of Torts,* §430 at 426 (1965). Causation in its legal sense is a question of whether the breach of the duty is a substantial factor in causing the harm from which damages are claimed. *Pfeifer v. Standard Gateway Theater, Inc., supra; Ayala v. Farmers Mut. Auto. Ins. Co.,* 272 Wis. 629, 76 N.W.2d 563 (1956); *Schnabl v. Ford Motor Co.,* 54 Wis.2d 345, 195 N.W.2d 602 (1972); *Arbet v. Gussarson,* 66 Wis.2d 551, 225 N.W.2d 431 (1975); *Restatement (Second) of Torts,* §431 at 428 (1965). Whether a party's negligence is a substantial factor in bringing about the harm and thus is the legal cause of the accident; an unbroken sequence of events must be proven wherein the negligence of a party is actively operating at the time of the injury producing accident and this actively operating negligence was a cause in fact of the accident. *Pfeifer v. Standard Gateway Theater, Inc., supra;*[6] *Anderson v. Deerswester, supra;*[7]

[5] This is not to ignore case law supporting the use of public policy factors in cutting off liability even where negligence and a causal relation have been established. *Coffey v. City of Milwaukee,* 74 Wis.2d 526, 541, 247 N.W.2d 132 (1976); *Howard v. Mt. Sinai Hospital, Inc.,* 63 Wis.2d 515, 519, 520, 217 N.W.2d 383 (1974); *Hass v. Chicago & Northwestern Ry. Co.,* 48 Wis.2d 321, 326, 179 N.W.2d 885 (1970).

[6] Where theater operator's negligence as to crowd control and in failing to properly patrol the theater was not a substantial factor in preventing the plaintiff from being injured by a thrown spitball.

[7] Defendant's negligence in pulling his car into wrong lane before making a left turn while plaintiff's car was attempting to pass the defendant's car and car following the defendant, was not found causally negligent.

*Baker v. Bracker, supra* and *Carr Amusement, Inc., supra.*[8]

The foregoing authority leaves no doubt that there is nothing inconsistent or irregular in the form of a verdict wherein the parties are found negligent, but such negligence is not causal of the injuries. Cause and negligence are separable legal concepts predicated on distinct legal tests. It should be noted that the trial court and plaintiff's counsel agreed that the first verdict was an "inconsistent verdict." This is a misuse of the term. An inconsistent verdict is a term of art used in describing jury answers which are logically repugnant to one another. The typical situations where inconsistent verdicts arise are set forth in *Statz v. Pohl*, 266 Wis. 23, 62 N.W.2d 556 (1953)[9] and *Ollinger v. Grall*, 80 Wis.2d 213, 258 N.W.2d 693 (1977).[10]

---

[8] In both cases, despite proof of a safe-place violation, neither defendant found causally negligent when plaintiffs failed to prove their falls were in the same location as to the proven defects.

[9] "(1) If the issue of causal negligence is for the jury and the party inquired about is exonerated but the jury in its comparison of negligence erroneously attributes to such party some degree of causal negligence, the verdict is inconsistent, and a new trial must be granted;

"(2) If it be determined that the party inquired about is free from causal negligence as a matter of law and the jury has exonerated him but has also attributed to him some degree of causal negligence, then the court should strike the answer to the question on comparison as surplusage and grant judgment accordingly; . . ." *Supra* at 29.

[10] As modifying Rule (3) of *Statz v. Pohl, supra* at 32.

"(3) If the court can find as a matter of law that the party inquired about is guilty of causal negligence and the jury finds that he is not and in the question on comparative negligence attributes to him some degree of causal negligence, the court should change the answers to the questions which inquire as to his conduct from 'No' to 'Yes' and permit the jury's comparison to stand with judgment accordingly." *Supra* at 222.

■

As previously stated there is no inconsistency in this jury finding of negligence, but without a finding of causal negligence, and this is especially true where the jury properly refrained from answering the comparison question. If it was the trial court's intent to label the original verdict as inconsistent because the jury findings were inconsistent with the evidence, this is an entirely different matter that does not fall within the ambit of the rules stated in *Statz v. Pohl, supra,* and *Olinger v. Grall, supra.* A verdict which is contrary to the law or the weight of the evidence should be dealt with by the trial court pursuant to sec. 805.14, Stats., and not the inconsistent verdict rule.[11]

Although this decision has unequivocally stated that cause does not automatically follow a finding of negligence, that does not prevent a trial court, or this court, from finding cause to exist as a matter of law. In *Sampson v. Laskin,* 66 Wis.2d 318, 224 N.W.2d 594 (1975), this court in a review of the evidence, reversed a jury finding which had found the plaintiffs negligent but which also absolved them of causal contributory negligence. The evidence in the *Sampson* case that one of the plaintiff's shoes were greased and that both plaintiffs had precariously positioned themselves over an elevator shaft while moving a heavy object constituted such clear evidence that causation could be determined as a matter of law. *See also: Mustas v. Inland Construction, Inc.,* 19 Wis.2d 194, 120 N.W.2d 95 (1963).

■

A judge in reviewing whether a party's negligence is, or is not causal must abide by the established standards of review. In *Lueck v. City of Janesville, supra,* the reviewing standard was stated at 262:

[11] *Supra,* fn. 9 & 10.

"We are mindful of the often stated rule that if there is any credible evidence under any reasonable view or any reasonable inferences derived therefrom that support a finding of fact by the jury that neither trial court nor this court should change that answer. Conversely it can be said if there is no such evidence either court can change the answer as a matter of law."

Stated differently, the question of causation is usually one of fact for the jury, unless the evidence indicates that reasonable men could not differ as to a party's conduct being a substantial factor to the accident. *Schrank v. Allstate Ins. Co.*, 50 Wis.2d 247, 184 N.W.2d 127 (1971); *Bruss v. Milwaukee Sporting Goods Co.*, 34 Wis.2d 688, 150 N.W.2d 337 (1967).

From the record, we do not find the evidence offered in proving cause to be so clear that reasonable men could not differ as to permit a finding of cause as a matter of law. The plaintiff attempted to establish cause through an unbroken sequence of events commencing with the breaking of a bottle of cleaning fluid and ending with the plaintiff's fall. The plaintiff and her daughter testified as to "wetness" and broken glass in the area of the fall. The nature of the condition of wetness was not identified by the plaintiff or the daughter (i.e., color, smell, etc.). Employees of the defendant testified that the broken bottle and its contents had been cleaned up prior to the plaintiff's fall; that they did not recall seeing a condition of wetness or broken glass near the plaintiff when they came to her aid, nor did they recall that further cleanup was performed after the fall.

Here, the chain of causation was refuted by the defendant's claim that the fluid had been cleaned up and no further cleaning was needed. It has been a rule of law that when a safe-place violation has been proven, the law presumes the damage was caused by the failure to perform the safe-place duty to maintain the premises as

safe as the nature of the place reasonably permits. *Umnus v. Wisconsin Public Service Corp.*, 260 Wis. 433, 51 N.W.2d 42 (1951). The presumption is not conclusive in the face of rebutting testimony. *Baker v. Bracker, supra* at 146; *Carr v. Amusement, Inc., supra* at 372. It is doubtful whether the presumption can be accorded when the plaintiff has failed to link the broken bottle of cleaning fluid with the condition of wetness and broken glass she claimed to have slipped upon.

The plaintiff claims that she did not hear a bottle break while in the store, but was sure that she could have if something had fallen. This is hardly persuasive in attempting to link the broken bottle of cleaning fluid to her fall. Further, the plaintiff claims that as she lay on the floor, an employee of the defendant came to her aid and in response to the plaintiff's question of what was on the floor, the agent allegedly stated, "There was a broken bottle of Lestoil, and we hadn't gotten to clean it up yet." In the agent's testimony, the alleged statement was denied when she stated unequivocally that the fluid had been cleaned up prior to the fall.

The issue of causation in this case is in reality a matter going to the weight and sufficiency of the evidence in regard to the plaintiff's burden of proof. The evidence introduced by the plaintiff did little more than describe the facts and circumstances of the plaintiff's fall. In light of the conflicting and inconclusive evidence offered as to the existence of a condition of wetness and broken glass in the area of the plaintiff's fall, there was no evidence persuasive enough to lead the jury to believe that the broken bottle of cleaning fluid had in some way caused the fall. Under the evidence of this case as presented in the record, the jury would have been free to find negligence did not exist,[12] but once having found

---

[12] The facts of this case are not unlike those of *Shoemaker v. Marc's Big Boy*, 51 Wis.2d 611, 615, 187 N.W.2d 815 (1971) where this court affirmed a jury verdict of no negligence on the defend-

negligence, they were equally free to find that the plaintiff's evidence failed to meet the burden of proof as to causation.

The fact that in the original verdict the plaintiff was absolved of causal contributory negligence has no weight in showing that their determination as to the defendant was improper. In a special verdict where the defendant is freed from causal negligence, any finding as to the plaintiff is superfluous. *Anderson v. Deerswester, supra* at 436; *Lightfoot v. Winnebago Traction Co.*, 123 Wis. 479, 487, 102 N.W. 30 (1905). We therefore find that there is credible evidence under any reasonable view and the reasonable inferences derived therefrom, which supports the jury finding of the defendant not causally negligent. Accordingly, since there was credible evidence to support the original jury finding, the trial court erred in resubmitting the verdict to the jury. The first verdict is hereby reinstated.

We add to this decision a precautionary comment; while we applaud the effort of this trial judge to avoid the necessity of a new trial thereby rationalizing the resubmitting of the verdict to the jury; when it is the trial court's belief that as a matter of law the evidence establishes causation on one or more parties, but the jury has found to the contrary, the trial court should answer the cause question rather than resubmitting the verdict to the jury under instructions that cause must be found. Once the trial court has answered the cause question as a matter of law, the verdict should be resubmitted if the jury's answer to the apportionment question is otherwise inappropriate.[13] In this case, the trial court by

ant when there was no evidence of a slippery condition on a restaurant floor other than the bare allegations of the plaintiff and the defendant had shown reasonable precautions that the floor was free of slipperiness.

[13] This rule in no way affects the holding of *Ollinger v. Grall, supra* at 222 and appearing above at fn. 10. Again, we emphasize

resubmitting the cause question, in what otherwise is a factual determination and by telling the jury that under the case's evidence, cause has to be found against one or both of the parties, in effect asked the jury to impeach themselves on an already decided factual issue. The instructions of the trial judge that legal cause had to be found resulted in a prejudicial effect on the jury process. The prejudice is evidenced by the fact that when the verdict was returned the second time, two jurors who dissented as to the negligence finding in the original verdict had now changed their answers.

*By the Court.*—Reverse and remand with directions to dismiss the complaint and for a judgment order consistent with this opinion.

that a verdict contrary to the evidence is a distinct matter from a verdict whose answers are inconsistent to one another.